GILBERT U. PIPER v. UNION PACIFIC RAILWAY CO.

TITLE TO LANDS; *Condition Subsequent; Breach; When Right to Demand Forfeiture of Estate, is not Assignable.* On December 24th 1863 Alice Broome was the owner of a certain quarter-section of land in Leavenworth county. A proceeding was then pending in the district court of said county, instituted by the Railway Company, for the purpose of obtaining a certain strip of said land one hundred feet wide for railroad purposes. On that same day said court, with the consent of both parties, rendered a judgment investing the railway company with the title in fee to said strip of land upon condition that the railway company should immediately pay therefor to said Alice Broome $400, and before May 1st 1864 make certain improvements thereon, and afterward keep said improvements in repair. The said sum of $400 was immediately paid, but the improvements have never been made. On March 26th 1864 Alice Broome sold and conveyed said quarter-section of land to David F. Laughlin. On July 25th 1864 Laughlin sold and conveyed the north-half thereof to Gilbert U. Piper, and on October 27th 1865 Laughlin sold and conveyed the

other half of the same to Piper: *Held*, in an action brought by Piper to recover from the railway company said strip of land, th'at Piper has no legal right to demand that said improvements shall be made, or that because the same have not been made that the railway com-pany shall forfeit said strip of land to him.   And further *held*, that the railway company by said judgment obtained an estate upon con-dition subsequent in said strip of land, and that the right to demand a forfeiture of the estate for condition broken is not so far assignable that whoever may own the quarter-section of land, whether he pur-chased it before or after condition broken, may demand the forfeiture.

### *Error from Leavenworth District Court.*

EJECTMENT, brought by *Piper*.  This action was origin-ally joined with the preceding action between these same parties.   See, *ante*, p. 568, where a full statement of the facts, and the judgment under which the *Railway Company* claims title, will be found.   Upon a separation of the causes of action, as there stated, Piper filed in this case an ordinary petition in ejectment for the recovery of said 100-feet strip. Defendant answered, first, a general denial; second, title in fee, in defendant; and third, the pendency of the other ac-tion, for damages.   Second trial, at the November Term 1870.   At the close of the testimony the court instructed the jury as follows:

"In the view of this case taken by the court, it will be your duty to return a verdict for the defendant."

Verdict for the defendant.   New trial refused, and judg-ment in favor of the defendant for costs.   *Piper* brings the case here on error.

*Clough & Wheat*, and *Hurd & Stillings*, for plaintiff:

The evidence and admissions in the case show title to the land in controversy in plaintiff, unless the condemnation pro-ceedings commenced in 1863, and the judgment of 24th De-cember 1863, vested the title thereto in the *Railway Co.*  We claim those proceedings are void for want of jurisdiction thereof by the court which acted thereon.   The charter of the Leavenworth, Pawnee & Western Railroad Co., (which is on pp. 914 to 920 of Laws of 1855,) was given in evidence

on the trial. The condemnation proceedings, which include the above-named judgment of the 24th of December, were had under said charter, notwithstanding the enactment of §§ 52 to 66, pages 376 to 382, Compiled Laws 1862, subsequently to the enactment of said charter, which required different proceedings before different parties to condemn a right of way than those shown on said trial. That the mode of condemning a right of way provided for in said charter was merely matter of remedy, see *B. & S. Rld. Co. v. Nesbit*, 10 Howard, 395.

But if the court had jurisdiction to render said judgment, still we claim that until compensation was made for the right of way, or said strip of land, the defendant had not the right of possession thereof. See § 4, art. 12, Const. See also 35 N. Y., 206; 24 N. Y., 655; 25 N. Y., 526. The railroad track was laid on said strip in 1866, which was after plaintiff became owner of the quarter-section, and he was in possession of the strip when the railroad company commenced to lay the track. Alice Broome remained in possession of the strip in controversy until she delivered same to Laughlin, her grantee; and Laughlin continued in possession thereof until he delivered same to plaintiff, his grantee; and the improvements required by said judgment have not been made. We submit that the common-law rule in relation to who can or cannot take advantage of conditions subsequent, have nothing to do with this case, or a proper construction of said judgment, because the making of the improvements was part of the compensation required to be made to entitle the railroad company to have or use the land. As the evidence showed that Alice Broome remained in possession until she conveyed to Laughlin, a period of 92 days, time enough for the railroad company to have made the improvements several times, and as her continuing so in possession prevented her from making a re-entry for breach of condition subsequent, (if making the improvements was a condition subsequent, which we deny,) the law does not require her to attempt an absurd act, to-wit, that of entering upon a tract of land of which

she was already in possession; and therefore the failure of the railroad company to make the improvements can be relied on by plaintiff as breach of a condition subsequent. 5 Mass., 321; 5 Serg. & Rawle, 375; 32 Maine, 394; 2 Coke upon Littleton, 218a.

As the two actions were commenced under § 99 of the code of 1859, after the demurrer for misjoinder was sustained, in pursuance of leave given so to do, we suppose it clear that neither could be plead in bar of the other; and we submit, that even if the said judgment of 24th December 1863 is valid, that plaintiff is entitled to recover and retain possession of said strip until said judgment is complied with by the railroad company, and to do so, to remove defendant therefrom by process of ejectment.

*Hurd & Stillings,* for defendant:

After default of defendant to comply with and perform the other conditions, Mrs. Broome conveyed part of the land to plaintiff, and part to Laughlin, who afterward conveyed to plaintiff. The road was completed and commenced running in 1865, and the plaintiff witnessed the laying of the track and completion of the road. After the company had commenced running the road, Piper demanded that the judgment should be performed by the company. The questions which arise upon this judgment, and the facts thus admitted by the plaintiff, are—*first,* whether there was any remedy to any party but Mrs. Broome, on this decree, after the failure of defendant to make the improvements before the first day of May, 1864; *second,* whether plaintiff acquired any right growing out of that decree by a mere conveyance of the land; and *third,* whether plaintiff can sustain this action for the recovery of the land, and thereby interrupt the running of the road for a failure to perform those conditions.

That Mrs. Broome could have sustained an action for damages on the 2d day of May, 1864, we think could not be questioned: 7 Hill, 62; 2 Kernan, 122; 21 Wend., 121; 4 Johns., 72; 20 Barbour, 455; 1 Smith's Leading Cases,

141, 158, 190; 4 Kent, 471; Taylor Landlord & Tenant, 665; 5 Dutcher, 206. And in such case she had a right to recover not only the value of such improvements for present use, but their value to the farm as fixtures thereto, with the obligation with them to keep them in repair. Conceding that she might have entered for the non-performance of these conditions, which were in their nature conditions subsequent, yet the right of entry was her personal privilege, and did not pass with her conveyance of the fee. (2 Kernan, 121; 1 Smith's Lead. Cases; 4 Kent, 471; 8 Barb., 413; 12 Barb., 440; 20 Barb., 455.) That a mere conveyance of the land transfers no right of action for broken covenants or agreements, we refer to the cases in 4 Johns., 72. A right of action never passes by deed of conveyance of land merely, except where it is on a covenant running with the land. To be a covenant running with the land, it must in such case as this have been one to keep in repair or maintain something that had become a fixture to the land. A covenant to build a house is not a covenant running with the land, but a mere personal covenant. When the house is built and becomes a part of the realty, it would then be competent to make a covenant to keep it in repair. That would be a covenant running with the land. (1 Smith's Lead. Cases, 141, 190, 206; 4 Johns., 72; 4 Kent, 471.) What then were the rights of the parties when the title to the quarter-section vested in the plaintiff? Mrs. Broome had parted with the right of the strip in dispute, for which she held the defendant bound to do certain things. The defendant had failed to perform certain agreements which had been reduced to a decree. Mrs. Broome had a clear right of action against defendant for all the damages to her, or the less value of her estate, by reason of the failure. It could hardly be contended that she could recover the entire value on this agreement, and yet the plaintiff recover the land.

The question as to the mode of proceeding is immaterial. The form could make no difference, as the subject-matter and parties were before the court, and the decree was entered by consent, without regard to the form of the pleadings. If the

district court could in any form have jurisdiction, the judgment entered by consent is binding: 3 Ohio, 272; 2 Ohio St., 339; 8 Vt., 208; 1 Sanford, 19; 2 Hill, 657; 18 Ill., 29; 4 Mich., 347.

The opinion of the court was delivered by

VALENTINE, J.: This case and the one just decided (of this same title,) arose out of the same transactions; and the facts of the two cases, up to the amendment of the original petition in the court below separating that case from this and filing a new petition for each case, are identical. Both cases are founded upon or at least connected with a certain judgment of the district court of Leavenworth county, rendered December 24th 1863. At the time said judgment was rendered Alice Broome owned the N.E.¼ of section 36, in township No. 9, of range No. 22, in Leavenworth county. At the same time the defendant in this case, the Railway Company, had possession of a strip of said land, one hundred feet wide, running through said quarter-section, which it was grading, and intending to use for railroad purposes; and the proceeding in which said judgment was rendered was a proceeding instituted by the railway company for the purpose of obtaining the title to said strip of land for railroad purposes under the power of eminent domain, and was pending in said district court when said judgment was rendered. The judgment in said proceeding was finally rendered by the consent of both parties, and was in substance as follows: The railway company was invested with the title in fee to said strip of land upon condition that it pay for the same to Alice Broome $400, and make certain improvements thereon, and afterwards keep said improvements in repair. All these things were to be done by the railway company before the first day of May 1864. The railway company immediately paid said $400, but they have failed up to this time to make said improvements, although they have been operating their road over said strip for several years. This action, since its separation from the other action, has been for the recovery of

said strip of land. The other action, since its separation from this, has been for the recovery of damages for the failure of the railway company to make said improvements. The verdict of the jury and the judgment of the court below in this case was for the defendant, and the plaintiff Piper now brings the case to this court.

The first question raised in this case by the plaintiff is, that the original judgment out of which these two cases originated is void for want of jurisdiction in the court rendering such judgment to render the same. This question has already been before this court, and decided adversely to the plaintiff, and we do not now choose to again consider the same. (*U. P. Rly. Co. v. McCarty*, 8 Kas., 125.) The question was there decided in a case involving the validity of a judgment almost precisely like the judgment in question in this case, and which was rendered at the same time that this judgment was rendered, and by the same court, under the same laws, and in the same proceeding. And the case just decided of this title, (*ante*, p. 568,) was prosecuted by the plaintiff, and was decided by this court, upon the assumed validity of said judgment. And we shall now follow those cases without further consideration or investigation.

The next question is, whether the plaintiff may recover in this action notwithstanding the assumed validity of said judgment. It will be noticed that it is not Alice Broome who prosecutes the action, but it is Gilbert U. Piper. Then, where does Piper get his authority for prosecuting the action? Simply from the following facts: On March 26th 1864 Alice Broome sold and conveyed said quarter-section of land to David F. Laughlin. On July 25th 1864 Laughlin sold and conveyed the north-half thereof to Piper; and on October 27th 1865 Laughlin sold and conveyed the other half of the same to Piper. Now are these facts sufficient to authorize Piper to prosecute this action, or indeed to prosecute any action against the railway company? We think not. The judgment itself, so far as it attempts to impose any obligation upon the railway company, is in favor of Alice Broome alone.

It does not purport to be in favor of her *assigns*, and it has never been in fact assigned to any one. And the mere sale and conveyance of the land mentioned in the judgment cannot work an assignment of the judgment. In the other action, the plaintiff claimed that said judgment created an obligation resting upon the railway company, in the nature of a covenant running with the land, to make such improvements; and in that action it was necessary for the plaintiff to so claim, for under no other theory could he maintain that action. But in this action he substantially claims, that the estate, vested by the judgment in the railway company for said strip of land, was merely an estate upon condition, liable to be forfeited back to Alice Broome, or to her assigns, upon any failure of such condition. And it is as necessary for him to so claim in this action as it was to make the other claim in the other action, for if the estate conveyed were an estate absolute, and the plaintiff had nothing but a mere judgment, or a mere covenant for the erection of said improvements, and no right to claim a forfeiture of the land for condition broken, his only remedy for a failure to make the improvements would be an action for damages, and not an action for the recovery of the land, as in this case. We agree with the plaintiff that the estate conveyed by said judgment was an estate upon condition. But as the estate was by the very terms of the judgment to be immediately vested in the railway company, the condition was subsequent and not precedent. And the right to demand a forfeiture of the estate for condition broken was vested in Alice Broome alone, and not in her assigns. The judgment in legal effect, we think, vested the whole of the estate in said strip of land immediately in the railway company, subject however to be forfeited back to Alice Broome, at her election, upon condition that the railway company did not fulfill the obligations imposed upon it by the judgment. (See *Nicoll v. N. Y. & Erie Rld. Co.*, 12 N. Y., 121; S. C. 12 Barb., 461.) The railway company failed to fulfill said obligations, but Alice Broome has never elected to demand a forfeiture of said estate. Indeed, it

would almost seem from the authorities that by selling and conveying all her interest in the land before the condition was broken she waived the fulfillment of the condition, or at least waived the forfeiture. (*Underhill v. Saratoga & Washington Rld. Co.*, 20 Barb., 455; *Rice v. Boston Rld. Co.*, 12 Allen, 142; *Hooper v. Cummings*, 45 Me., 359.) But however this may be, Piper obtained no right to demand a fulfillment of the conditions, or to demand a forfeiture of the estate. (See authorities above cited, and *Ludlow v. N. Y. & Harlem Rld. Co.*, 12 Barb., 440.) The right of a person who has created an estate upon condition, to demand a forfeiture of the estate for condition broken, is not assignable. (Washburn on Real Prop., ch. 14, paragraph 14, and the numerous cases there cited.) And certainly not assignable by an ordinary deed of conveyance. In the present case, when Alice Broome parted with her interest in said land there had been no breach of said condition. But before Piper obtained any interest in the land the breach of the condition (if there ever has been any such breach) had become complete. The failure to make said improvements occurred while Laughlin owned the land. When Alice Broome conveyed said land to Laughlin she had no estate in said strip of land, and no present power of obtaining any such estate. Her right at that time was merely a possible future contingent interest. (See *Nicoll v. N. Y. & Erie Rld. Co.*, supra.) The present and existing estate and interest in said strip of land was at that time wholly in the railway company. Therefore, as Alice Broome had no present and existing estate in said strip of land when she conveyed said quarter-section to Laughlin, she of course conveyed no interest in the strip to Laughlin, and, as we have before seen, the personal right of demanding a forfeiture does not pass by a deed of conveyance of the land. A party who has no estate cannot convey an estate. But even if she had conveyed some interest in said strip to Laughlin, still Piper has hardly obtained it. The supposed breach of the condition occurred while Laughlin owned said quarter-section, and therefore even if the right to demand a forfeiture for condition broken

was assigned to Laughlin, still the right became personal to him, and he has never exercised it. Even after condition broken the title to the property does not as a rule of law pass to the person entitled to receive the same until such person in some proper way demands a forfeiture of the property. (1 Washburn on Real Property, ch. 14, paragraph 13.) Now Laughlin never demanded a forfeiture of the property by entry, suit, or otherwise. After Laughlin sold the north-half of said quarter-section to Piper, and while Piper owned one-half of the same and Laughlin the other, could one of them have demanded a forfeiture as to that portion of the strip running through his own eighty-acre tract, and both of them have allowed the railway company to retain the strip through the other eighty-acre tract? Could they divide up the forfeiture? Or could one against the will of the other have demanded a forfeiture? The fact is, neither of them ever had any right to demand a forfeiture.

The judgment of the court below is affirmed.

KINGMAN, C. J., concurring.

BREWER, J., not sitting in the case.