| 91 | 293 |
|-----|-----|
| 105 | 290 |

| 91 | 293 |
|-----|-----|
| s 105 | 289 |
| s 116 | 394 |

THE FLINT & PERE MARQUETTE RAILROAD COMPANY v. JOHN T. RICH, COMMISSIONER OF RAILROADS, AND CHARLES E. EVES.

*Railroad companies—Abandonment of track—Rights of contributors—Title to right of way.*

1. A railroad company cannot question the constitutionality of Act No. 275, Laws of 1887 (3 How. Stat. §§ 3457a, 3457b), which makes it unlawful for any railroad company, whose road has been constructed, wholly or in part, by public or local aid, to take up, abandon, or cease the operation of any portion of its road, etc., in a suit instituted by the company under the

provisions of the act to obtain an order or decree authorizing such abandonment.

2. A railroad company cannot be permitted to abandon a portion of its road under Act No. 275, Laws of 1887, without reimbursing those individuals who contributed to its construction and advanced as a bonus either money, labor, or material.

3. Upon the abandonment by a railroad company of a portion of its road under the provisions of Act No. 275, Laws of 1887, the title to the land which was taken for right of way, and for the other purposes of the road, reverts to the original owners, and no reconveyance or order of the court is necessary.

Appeal from St. Clair. (Canfield, J.) Argued March 9, 1892. Decided April 8, 1892.

Petition for order for abandonment of a portion of a railroad, under Act No. 275, Laws of 1887. Petitioner appeals. Decree dismissing petition reversed, and case remanded for further proceedings according to the opinion. The facts are stated in the opinion.

*William L. Webber*, for petitioner.

*A. A. Ellis*, Attorney General, and *Stevens & Merriam*, for respondents.

GRANT, J. This is a proceeding by the petitioner under Act No. 275, Laws of 1887, to obtain an order or decree for the abandonment and taking up of its track between Yale and Zion, and to abandon one of its stations. The case was heard as in a suit at law, proofs were taken, and the petition dismissed, and the petitioner appeals.

The law above mentioned provides that it shall be unlawful for any railroad company, whose road has been constructed, wholly or in part, by public aid or local subscription, given as a bonus for such construction, having once constructed and put in operation the whole, or any portion, of said road, and located and opened for business stations and houses thereon, to thereafter take

up, abandon, or cease the operations of its said track, or any portion thereof, or to close up and abandon its said station and station-houses, except upon the order or decree of the circuit court of the county through which said road may run, and in which it is desired to take up and abandon such track. The law then provides for filing a petition by the company, for a citation to the Commissioner of Railroads, for a publication of the pendency of the petition, and for a hearing, "in like manner as is provided by law for other chancery proceedings in this State." It also provides that any citizen interested may appear and be heard in opposition to the petition.

The Attorney General, and also a citizen, appeared and filed answers.

The record does not disclose the reason given by the court below for dismissing the bill. We do not think the petitioner is in position to attack the constitutionality of the law. It has invoked the aid of the law, and has planted its suit upon the theory of its validity. The defendants do not choose to attack it, but have accepted the petitioner's theory of its validity. For the purposes of this suit, therefore, the law must be held valid.

That portion of the road now proposed to be abandoned was a part of the road of the Port Huron & Northwestern Railway, and was constructed by that road. In April, 1889, petitioner took possession of this railway property by purchase, under Act No. 10, Laws of 1889. The Port Huron & Northwestern was a narrow-gauge road, while petitioner is of the standard gauge. The *termini* of the road are not changed.

The general railroad law (How. Stat. § 3322) authorizes the directors of railroad companies to alter the line of their roads, if it shall appear to them that by so doing their roads may be improved, and provides a method of

procedure in such cases. In the present case the change was made under this statute, a map and survey prepared and presented to the State board, which approved the change. In making this change it seemed necessary, and for the interest of the road, to abandon 12 miles of the old road, extending from a station by the name of Yale to another called Zion. The record leaves no doubt but that the interests of the petitioner and of the general public will be subserved by the abandonment of this portion of the road. Its abandonment will affect injuriously those only who live along this 12 miles of road. One branch of the petitioner's road passes through Zion and the other through Yale. Those living within three miles of these stations can still be accommodated, as well as though this part of the road were not abandoned. Only those, therefore, living along a strip about six miles in extent can be seriously injured by the abandonment. Evidently this piece of road must be maintained at a loss. The traffic over it does not, and never will, pay. Public necessity has demanded and obtained a change of route. A very expensive bridge must be rebuilt in order to make this strip of road available. The grades at this bridge are very steep and dangerous.

I am unable to see any justice or equity in requiring the petitioner to maintain this piece of road. It cannot, under the law, be compelled to run more than one train per day, and it is admitted that this would be of but little benefit to the inhabitants.

It is also unjust and inequitable to permit the petitioner to abandon its road without reimbursing those individuals who contributed to its construction and advanced as a bonus either money, labor, or material. The change is made for the benefit of the petitioner as well as the public. This is not, therefore, a case where both parties contributed to an enterprise which resulted

in financial failure, as in the case of *Ayres v. Dutton*, 87 Mich. 528.

The act under which this proceeding is brought was amended by Act No. 125, Laws of 1891. This act provides for the repayment to contributors of the money paid by them for the construction of the road, with interest. The Legislature in passing this act made that the law which before was a rule of equity. It is certainly just and equitable that these contributors be not now deprived of the benefits of the road, and of the money which they paid to secure it.

Upon the abandonment of the road the title to the land which was taken for right of way, and for the other purposes of the road, reverts to the original owners, and no reconveyance or order of the court is necessary.

The decree of the court below must be reversed, and the case remanded for further proceedings in accordance with this opinion. Parties who have contributed will be allowed to appear and prove the amount of their contributions, under such notice as the court shall direct, and recover the same, with interest from the date of payment. No costs allowed.

McGRATH and LONG, JJ., concurred. MORSE, C. J., did not sit.