SEAMAN *v.* CITY OF MARSHALL.

| 116 | 327 |
|---|---|
| 125 | 4 |

| 116 | 327 |
|---|---|
| 138 | ¹647 |
| d138 | ¹650 |

1. MUNICIPAL CORPORATIONS — SEWERS — NEGLIGENCE — FLOODING PRIVATE PREMISES.

> A city is bound to use due caution in establishing a system of drainage; and if, through its negligence in not providing reasonably efficient means to carry off the water that it should reasonably expect to accumulate by reason of its gutters, water is collected and cast upon premises which otherwise would not have been invaded, the city is liable for the resulting damages.

2. SAME—SUFFICIENCY OF DECLARATION.

> A declaration, in an action against a city, which alleges the ownership by the city of gutters and sewers, its duty to keep them open and clear, and not to permit them to become dammed, or the flow of the water through them to be impeded in any way, and charges that the city negligently permitted and allowed to remain in the gutters and sewers of a certain street divers impediments, by reason of which, and of the improper construction of said gutters and sewers, the water became dammed up until it overflowed the gutter, and ran down upon and injured plaintiff's property,—is sufficient to sustain a verdict for negligence in not removing obstructions, or in constructing a sewer inadequate for the exigencies of ordinary floods.

Error to Calhoun; Smith, J. Submitted February 3, 1898. Decided March 15, 1898.

Case by Frank G. Seaman against the city of Marshall for the negligent flooding of his store building. From a judgment for plaintiff, defendant brings error. Affirmed.

*Richard S. Lockton*, for appellant.

*Herbert E. Winsor*, for appellee.

HOOKER, J. State and Mansion streets, in the city of Marshall, are parallel streets, running east and west. Plaintiff's store fronts the former. Division street intersects, but does not cross, Mansion, from the north. Near the intersection of the east side of Division and the north side of Mansion there is a catch-basin, into which 12-inch tile drains enter from the north, upon both sides of Division street, and from the east upon the north side of Mansion street. There is also a 10-inch tile drain which enters from the west upon the north side of Mansion street. Whether these are more than surface drains does not appear, and it is not material to this opinion. A brick sewer 2 feet in diameter extends south across Mansion street, where there is another catch-basin, and thence eastward along the south side of Mansion street. An 8-inch tile drain enters this last-mentioned catch-basin, coming from the west a distance of about 10 rods, where it receives the water from an open street gutter. The plaintiff's store is in the vicinity of the junction of the tile and open gutter, and is on low ground, which is drained by a catch-basin connecting with the main sewer. In July a heavy storm occurred, during which the 8-inch tile failed to carry off the water, which accumulated in and overflowed the open gutter, street, and sidewalk, and ran down the alley towards the plaintiff's store. In the morning he found 3 feet of water in his basement, and sued for and recovered a judgment against the city for injuries to his property contained in the basement. The defendant has brought the case to this court by writ of error.

The declaration alleges the ownership by the city of gutters and sewers, its duty to keep them open and clear, and

not to permit the gutters and sewers to become dammed, or the water to be impeded in any way from flowing freely down and through said gutters and sewers, and that it negligently permitted and allowed to remain in said gutters and sewers of said Mansion street divers impediments, and by reason of such impediments, and the improper construction of said gutters and sewers, the water became dammed up and held back until it overflowed the sides and top of the gutter, and ran down upon and injured plaintiff's property.

There was evidence in the case that this was originally an open gutter to the catch-basin, but that some years ago the 10 rods of 8-inch tile was laid by direction of the common council, and that the gutter had satisfactorily disposed of the water theretofore.   Several witnesses stated that their opinions were that the tile was inadequate, and that it was frequently stopped up by rubbish at its upper end.   There was evidence tending to show that the open gutter served as the outlet of water which fell upon several blocks.   The principal contention of counsel for the defendant is that the injury resulted from the inadequacy of the 8-inch tile or main sewer, and not from any defect in the construction; that the direction of the construction of this tile drain was a legislative act; and that the city is not liable for the failure of the council to plan such a sewer as should protect the plaintiff from all injury.   It is insisted that the uncontradicted testimony establishes the fact that the accumulation of water was due merely to the inadequacy of the sewer—possibly the 8-inch tile, but probably the 2-foot sewer—to take care of the flood which was occasioned by the violent storm, and that there was no evidence to support the allegation of impediments in the drain, or to justify a recovery for injuries resulting from the inadequacy of the sewer, if it should be held that a recovery can be had in such a case.

We are of the opinion that there may be a right of action where an injury results from a sewer, although built with all due care, and in strict conformity to the plan

adopted by the council. Such liability is recognized where it is permitted to collect water and discharge it upon the lands of a private person, as said in *Defer* v. *City of Detroit*, 67 Mich. 346, where this subject is considered, or, as held in *Rice* v. *City of Flint*, Id. 401, where it backs up a drain and floods a cellar. See, also, *Ashley* v. *City of Port Huron*, 35 Mich. 301 (24 Am. Rep. 552). This subject is elaborately discussed in 2 Dill. Mun. Corp. § 1042 *et seq.*

Upon the uncontradicted testimony, we are able to say that the city of Marshall caused an accumulation of water that would not have occurred but for its street gutters, and that by reason of the inadequacy of the outlet, or its stoppage, this water overflowed the gutter upon plaintiff's premises, to his injury. There is no doubt of the authority of the city to establish a system of drainage for the benefit of the highway and the citizens, and it cannot be said that it must be sufficient for every possible emergency. But the city is required to use due caution, and if, through its negligence in not providing reasonably efficacious means to take care of the water that it should reasonably expect to accumulate by reason of its gutters, a person is injured by the overflow upon his premises of water collected by the sewers, and brought to such premises, and which would not otherwise have invaded them, the city is liable for the damages. While we are able to say that the court might have properly charged the jury that the plaintiff was injured by water the bringing of which to that point was chargeable to the defendant's act, and that he was injured to the amount found by the jury, it was for the jury to determine whether the defendant was guilty of negligence in the premises, thereby causing the injury. Whether such negligence was declared upon is a question for the court.

There was evidence tending to show that the accumulation was due to one or more of several causes, viz., the inadequacy of the main outlet, the insufficient size of the 8-inch tile, stoppage of the same by rubbish, and, lastly,

the extraordinary character of the storm and quantity of water by which the city was deluged. The declaration was sufficient to sustain a verdict for negligence in not removing obstructions, or for constructing a gutter which it should have known, or have reasonably expected, would bring water to the point in controversy faster than the means provided could reasonably be expected to take care of it, under conditions reasonably to be anticipated, whether by reason of the inadequacy of the 8-inch tile or that of the 2-foot brick sewer. The declaration was not demurred to, and its allegations that the drain was negligently constructed, and negligently allowed to become clogged, which it says in substance, should be held sufficient. It was also for the jury to determine whether the flood was of such an unusual character that it was not negligence in the city to fail to anticipate and provide against such, and, if they found it due to obstructions, whether reasonable diligence had not been used in the matter of their removal, although, under the circumstances, inadequate, which questions could not be tested by the result alone. The jury were instructed that:

"If you find as a fact that that portion of Mansion street from the Jefferson-street manhole to the west side of the 'Cook Property,' so called, was so defective in construction as not to take care of the water under ordinary conditions, and by reason thereof the water which fell upon said highway and the adjoining highways of the city and near to this locality was dammed up and held back by reason of such defective construction, so that it was forced over and upon the property of the plaintiff, then the city is liable for the damage done, provided the plaintiff was free from negligence, and the city had knowledge or notice of such defective construction of the highway, and, after such knowledge or notice, had a reasonable time to repair it; and notice or knowledge by the officers of the city would be knowledge or notice to the city. The city of Marshall is a municipality, hence exercises control and ownership of its streets and highways, and is bound to keep them and all parts thereof in reasonable repair, and must use them so that no one, in person or property, may be injured by reason of the negligence of the city to

keep them in repair; and I instruct you, if you find as a fact that any injury was caused to the property of the plaintiff by reason of the negligent acts or negligent want of action of the city authorities after they became aware of the defects, or had notice thereof, and water was forced over and into the cellar of the plaintiff on account of such defects in the highway of the defendant, then the city is liable for such damages as have been proven in the case. The defendant—that is, the city—has the right to determine what part of Mansion street should be devoted to the various purposes of travel or passage, and what part for sidewalks, trees, and gutters, and other suitable uses, and upon such subject the municipal discretion must prevail, and is beyond judicial review, unless some distinct legal duty has been imposed and violated; but if the city, in constructing its streets, so arranges or elevates the same that the water accumulates in large quantities on any part thereof, then it is the duty of the city to so construct such streets that the water accumulating there under ordinary circumstances will be taken care of, and not held back so that the water will overflow the street, and injure the property of any one by reason of such overflow.

"You see, gentlemen, there may be two questions for you to consider: *First*, has the defendant been negligent in the care of its street where the injury complained of is alleged to have been occasioned? and you determine that from the evidence in the case, and under the law as I have given it to you. If, from the evidence in the case, you shall find that the sewerage system of the city pertaining to Mansion street and its immediate connections took care of the water or rainfall under ordinary conditions, then the city would not be liable. In other words, the city cannot be held liable for extraordinary conditions; that is, conditions which cannot be anticipated by ordinary care and foresight, and guarded against. Nor would the city be liable for the damage, if any such occurred, from surface water coming into the cellar, if any such did come in, from other ways or sources other than from Mansion street on account of the alleged negligent act of the city in the construction of the sewer complained of. In other words, if the city is liable at all, it must be for its negligent act occurring from the negligence alleged against it; that is, the defective·construction of Mansion street from the Jefferson-street manhole to the west side of the 'Cook property,' so called. If upon this first question you shall find the city not guilty of the negligence

urged against it,—or, in other words, not liable for the damage done,—then that would end the case, and your verdict will be, 'No cause of action.'  On the other hand, if you shall find the city liable on account of its negligent. acts, then you will take up the question of damages."

In substance, the jury were told that, if the defendant caused water to accumulate there, and flow upon the plaintiff's land, it would be liable for the consequences of its failure to provide for the exigencies of ordinary floods, and that otherwise it would not.  This comprehended the entire question of negligence, and, as the other essentials were conclusively established, it was sufficient.  The requests to charge were sufficiently covered, and the instruction was as favorable as the defendant had a right to expect.

The judgment is affirmed.

The other Justices concurred.