## DONALDSON *v.* CITY OF MARSHALL.

1. MUNICIPAL CORPORATIONS—CITY LIABLE FOR NEGLECT OF DUTY TO CLEAN OUT DRAIN.

Where city established drain in vicinity of plaintiff's land, it was its duty to maintain it in such way as to carry off natural flow of water, and where, by reason of city's failure to clean out drain, plaintiff's land was flooded, city was liable for damages caused thereby.

2. NEW TRIAL—WEIGHT OF EVIDENCE.

Motion for new trial was properly denied where verdict was not against weight of evidence.

3. APPEAL AND ERROR—TRIAL—INSTRUCTIONS—CURING ERROR.

rror, if any, in remark of counsel calling attention to fact that plaintiff was poor man was cured by prompt action of court in rebuking counsel, and directing jury to entirely disregard it.

Error to Calhoun; Hatch (Blaine W.), J. Submitted April 19, 1929. (Docket No. 142, Calendar No. 34,227.) Decided June 3, 1929.

Case by George Donaldson against the City of Marshall for damages resulting from faulty construction of a drain. From judgment for plaintiff, defendant brings error. Affirmed.

*Clyde Cortright,* for plaintiff.

*L. W. Schroeder,* for defendant.

McDONALD, J. This suit was brought to recover damages for the flooding of the plaintiff's land, alleged to have been caused by faulty construction of

a tile drain under the road at Verona street in the city of Marshall, and by failure to keep the drain clean and free from obstruction to the natural flow of water. The plaintiff had a verdict and judgment for $100, which the defendant has brought error to review.

The record presents the following questions:

1. Did the court err in refusing to direct a verdict in favor of the defendant? At the close of the plaintiff's case, the defendant moved for a directed verdict on the ground of a material variance between the pleadings and proofs and because it was not shown that the city was negligent in any manner that would create a liability for damages. The original declaration charged that in 1913 the defendant relaid the tile in the drain under the road and did so in such a negligent manner that it could not carry off the water which backed up and flooded a portion of the plaintiff's land. The evidence did not support this allegation. The facts shown were that the plaintiff himself relaid the tile in the fall of 1924 at the expense and under the supervision of the city; that he bought his land in 1923; that after the tile was relaid in 1924, and until 1927, he was able to raise good crops on that portion formerly flooded; that since that time he has had no use of the land because the defendant has neglected to keep the tile cleaned out; that it became clogged and was unable to carry off the water which accumulated on plaintiff's land; that the defendant originally constructed the drain and assumed the duty of keeping it in repair. When counsel for the defendant moved for a directed verdict, the plaintiff asked permission of the court to amend the declaration so as to charge negligence for failure to keep the drain cleaned out. The amendment was allowed. The facts established

by the plaintiff's testimony were sufficient to make a question for the jury under the amended declaration if the court was right in holding that these facts created a liability on the part of the defendant. The court was not mistaken as to the law.

"There is no doubt of the authority of the city to establish a system of drainage for the benefit of the highway and the citizens, and it cannot be said that it must be sufficient for every possible emergency. But the city is required to use due caution, and if, through its negligence in not providing reasonably efficacious means to take care of the water that it should reasonably expect to accumulate by reason of its gutters, a person is injured by the overflow upon his premises of water collected by the sewers, and brought to such premises, and which would not otherwise have invaded them, the city is liable for the damages." *Seaman* v. *City of Marshall,* 116 Mich. 327.

The city of Marshall was under no obligation to drain the plaintiff's land, but when it established a drain in that vicinity it became its duty to maintain it in such a way as to carry off the natural flow of the water, and if by reason of its failure to do so water accumulated on plaintiff's land which otherwise would not have been there the city would be liable for any damages sustained. On this theory of the law and the established facts, the court was right in denying the defendant's motion for a directed verdict.

2. Error is assigned on the charge of the court. This assignment is based on an erroneous impression as to the duty of the city to maintain this culvert and drain. In considering the defendant's motion for a directed verdict we discussed the legal theory adopted by the court, and what was there

said sufficiently answers the objections here urged against portions of the charge. We think the court very fairly and clearly defined the issues involved and correctly explained the law applicable thereto. There was no error in the charge.

3. Defendant claims error on the refusal of the court to grant a new trial. This presents the question as to the weight of the evidence. The jury was allowed to view the premises. The parties were afforded every opportunity to show the condition of the drain. The testimony was conflicting. Much could be said on both sides. The trial court, who was in a better position than we are to weigh the testimony, said in a written denial of the motion that: "Instead of the verdict being contrary to law and the great weight of evidence, it was in accord therewith." We are not inclined to disturb the verdict. In our opinion it was not against the great weight of the evidence.

The defendant accounts for the verdict in part because of prejudicial remarks by counsel for the plaintiff in his address to the jury. The remark complained of was improper. It brought to the attention of the jury the fact that the plaintiff was a poor man, that if he had been mayor of the city or some other distinguished person the drain would have been fixed long ago. If there was error in this remark, it was cured by the prompt action of the court in rebuking counsel and directing the jury to entirely disregard it.

We think the defendant had a fair trial. The record shows no error. The judgment is affirmed, with costs to the plaintiff.

NORTH, C. J., and FEAD, FELLOWS, WIEST, CLARK, POTTER, and SHARPE, JJ., concurred.