BRIGGS *v.* CITY OF GRAND RAPIDS.

1. COVENANTS — PURPOSE OF CONVEYANCE — REVERTER — LIMITING GRANT—PARKS.

Where there was no reverter clause, statement in deed to city for valuable consideration that land was purchased for park purposes is merely declaration of purpose of conveyance, without effect to limit grant, and therefore city was under no obligation to maintain park in perpetuity.

2. MUNICIPAL CORPORATIONS—PARKS—VESTED INTEREST.

Owners of property in vicinity of city park have no vested interest in its continued maintenance, when city, acting under proper authorization, decides otherwise (1 Comp. Laws 1929, § 2241).

3. NUISANCE—INJUNCTION—EQUITY—ANTICIPATED NUISANCE.

As rule, equity will not interfere in advance of creation of nuisance, where injury is doubtful or contingent, and anticipated merely from use to which property is to be put.

4. SAME—CANCELLATION OF DEED—FOOTBALL FIELD.

Adjoining property owners are not entitled to cancellation of deed of part of city park to board of education for use as football field, on ground that said use will constitute nuisance, in absence of showing that it will be nuisance *per se,* and whether it will ever be nuisance on few occasions and for limited time is problematical.

5. APPEAL AND ERROR—ZONING ORDINANCE.

Question of whether conveyance of part of city park for use as football field is violation of city zoning laws, not raised in court below, is not considered on appeal; especially where said use will not differ materially from that of past 20 years.

Appeal from Superior Court of Grand Rapids; Verdier (Leonard D.), J.  Submitted October 19, 1932.  (Docket No. 138, Calendar No. 36,566.)  Decided December 6, 1932.

As to what uses park property may be devoted, see annotation in 18 A. L. R. 1246; 63 A. L. R. 484.

On right to enjoin threatened or anticipated nuisance, see annotation in 7 A. L. R. 749; 26 A. L. R. 937; 32 A. L. R. 724; 55 A. L. R. 880.

Bill by Charles S. Briggs and others against City of Grand Rapids, a municipal corporation, and others to cancel a deed and enjoin a nuisance. Bill dismissed. Plaintiffs appeal. Affirmed.

*Corwin & Davidson,* for plaintiffs.

*Dale Souter* and *Robert S. Tubbs,* for defendant city.

*Ganson Taggart,* for defendants Board of Education and Davis.

BUTZEL, J.   In conformance with the resolution adopted by its common council, the city of Grand Rapids, in 1911, purchased 12 acres of land for park purposes from Charles S. Briggs, its owner, and one of the plaintiffs in this cause.   The deed executed by Briggs showed a consideration of $6,000, and these words followed the description of the property:

"This purchase of land is for park purposes."

Plaintiffs claim that the original price asked by Briggs was $15,000; but that, owing to the fact that the property was to be purchased by the city for park purposes, and would be known as "Briggs Park," he agreed to accept $6,000.   The park was so called, and the city spent a considerable sum in developing it as a park and playground.

In 1931, the board of education desired property for a football field, and sought to purchase four acres of the Briggs park, as well as other adjoining property.   After passage of a resolution of approval by the city commission, the question of selling the property was duly submitted to the electors, who favored the sale by a vote of considerably more than three-fifths.   Briggs with others, who appear

as plaintiffs in this case, sought to cancel the deed for the sale of the property to the city and to enjoin the erection of the equipment customary to football fields. They protested against the sale, both before and after the submission of the question to the electors. The board intends to inclose the park with a wire fence to be covered with a canvas when games are played, at which an admission fee will be charged. The public is to be excluded during these games and practice sessions. Plaintiffs dispute the right of the city to dispose of the property, claiming that it was purchased solely for park purposes, and that it was understood, as indicated in the deed, it would not be used otherwise. As private citizens, they also complain of a threatened nuisance due to the congestion on the streets abutting the park and the noise of spectators while games are in progress. The trial judge dismissed the bill, and plaintiffs appeal.

The deed to the city contains no reverter clause. While it may be true that the amount of the consideration was lowered by the original grantors because of the contemplated use and name of the park, nevertheless the city paid $6,000 for it and used it as originally intended. The testimony as to what occurred at the time of the purchase is very meagre. Mr. Briggs, now deceased, testified at the hearing that there was very little argument about the price; that he sold it for $6,000, the amount of the offer; that it was represented to him that it would be called Briggs park. For over 20 years it was used as a park, and improvements including tennis courts, buildings, and pools were erected at a cost of approximately $65,000. It cannot be charged that the city was in any manner guilty of bad faith. Only four acres of the park have been sold to the board

of education, and the balance of the property is still used as a park. There was no obligation on the part of the city to maintain the park in perpetuity.

Plaintiffs concede that there is no reverter clause in the deed, upon which to base a forfeiture of the grantee estate. As was said by Mr. Justice FEAD, in *Quinn* v. *Railway,* 256 Mich. 143, 151:

"It seems to be the weight of authority that, where there is no reverter clause, a statement of use is merely a declaration of the purpose of conveyance, without effect to limit the grant."

There appears to be no intention in the language of the deed to limit the grantee in any way. *Beach* v. *Haynes,* 12 Vt. 15; *State* v. *Woodward,* 23 Vt. 92, 99. See, also, *Wright* v. *Walcott,* 238 Mass. 432 (131 N. E. 291, 18 A. L. R. 1242, and notes).

The phraseology, "This purchase of land is for park purposes," is not nearly as strong as the words "to be used for railroad purposes only," construed in *Quinn* v. *Railway, supra,* not to constitute an express covenant that the property may not be used for other purposes. The city has the power under 1 Comp. Laws 1929, § 2241, to sell a park with the approval of three-fifths of the electors given at any special or general election. The sale of the property in the instant case was approved by considerably more than the required three-fifths. The owners of property in the vicinity of a park have no vested interests in its continued maintenance when the city acting under proper authorization decides otherwise. *East Chicago Co.* v. *City of East Chicago,* 171 Ind. 654 (87 N. E. 17).

We are not concerned here with a case where property was donated or dedicated for park purposes (*Jend* v. *City of Detroit,* 243 Mich. 108), for it is apparent from the records that a valuable consideration was paid by the city.

Plaintiffs claim the use of the park for football exhibitions will constitute a nuisance to a large number of them living near the park. They also bring the suit as taxpayers in order to protect the city's rights. Without discussing whether the rule laid down in *Archer* v. *City of Grand Rapids,* 255 Mich. 485, is applicable in the instant case, there is no showing whatsoever that the purpose for which the park is to be used will be a nuisance *per se,* as plaintiffs fear. Equity, as a rule, will not interfere in advance of the creation of a nuisance where the injury is doubtful or contingent, and anticipated merely from the use to which the property is to be put. *Siegel* v. *Wayne Circuit Judge,* 155 Mich. 459; *Henry* v. *Sinclair,* 218 Mich. 296; *Lansing* v. *Perry,* 216 Mich. 23. The use of the property as an athletic field does not differ widely from that of a park and playground, and the fact that it may on a few occasions and for a limited time become a nuisance seems to be very problematical. Until there is a showing that the nuisance does exist, plaintiffs cannot complain.

The claim is made that the use of the four acres for an athletic field is a violation of the zoning laws of the city of Grand Rapids, as the property in the particular district is restricted for residential purposes. This question was not raised in the court below, and we shall not now discuss it, except to direct attention to the fact that the conveyance will not result in a use very much different from that of the past 20 years.

The decree of the lower court dismissing the bill is affirmed, with costs to defendants.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, FEAD, and WIEST, JJ., concurred.