O'DESS v GRAND TRUNK WESTERN RAILROAD COMPANY

Docket No. 168827. Submitted April 9, 1996, at Lansing. Decided September 13, 1996, at 9:05 A.M. Leave to appeal sought.

Lawrence F. O'Dess and others brought an action in the Oakland Circuit Court against Grand Trunk Western Railroad Company, alleging that the plaintiffs, as the successors of certain property owners who conveyed to the defendant's predecessor lands used for a railroad, are entitled under MCL 469.221; MSA 22.591 (now repealed by 1993 PA 354, effective January 14, 1994) to have the lands deeded to them following the defendant's abandonment of the railroad. The parties stipulated the appointment of a special master who would determine what interests were conveyed by the deeds executed by the plaintiffs' predecessors. The special master found that the deeds conveyed the lands in fee simple. The court, Deborah G. Tyner, J., adopted the special master's finding and granted summary disposition to the defendant, ruling that the plaintiffs had no rights to the properties at issue because MCL 469.221; MSA 22.591 did not apply and the deeds did not contain reverter clauses that would have restored title to the plaintiffs upon the abandonment of the railroad. The plaintiffs appealed.

The Court of Appeals *held*:

Land acquired by purchase is not subject to the deed-back provision of MCL 469.221; MSA 22.591, and the character of the estate is determined by the terms of the grant, as in other cases. Here, the plaintiffs do not dispute that the defendant's predecessor purchased the disputed lands from the plaintiffs' predecessors. Accordingly, MCL 469.221; MSA 22.591 confers no rights to the plaintiffs. In the absence of reverter clauses in the deeds, there are no limitations on the defendant's interests in fee simple, and the defendant is free to do with the properties as it wishes.

Affirmed.

RAILROADS — LAND — DONATION — PURCHASE — REVERTER.

Title to land taken by a railroad company through voluntary grant and donation for use in the construction of a railroad reverts to the donor or the donor's successor in interest upon the abandonment of the road; no similar right of reversion applies to land taken by purchase under a deed that does not have a reverter clause (MCL

469.221; MSA 22.591, repealed by 1993 PA 354, effective January 14, 1994).

*Anderson & Stull* (by *Edward R. Noonan*), for the plaintiffs.

*Kevin M. Stanko*, for the defendant.

Before: MACKENZIE, P.J., and SAAD and C. F. YOUNG-BLOOD,* JJ.

PER CURIAM. This case was brought in 1991 pursuant to MCL 469.221; MSA 22.591,[1] governing the abandonment of subsidized railroads. Plaintiffs appeal as of right from an order granting summary disposition in favor of defendant. We affirm.

In the 1880s, defendant's predecessor acquired land from plaintiffs' predecessors in interest in order to construct the Pontiac Oxford railroad track on the land. The consideration for the land varied from $1 to $200. The Pontiac Oxford track was constructed, at least in part, by public aid and local subscription. The railroad has been abandoned since October 1986. Plaintiffs brought this action to compel defendant to deed the land back to them on the basis of the following language in MCL 469.221; MSA 22.591:

> It shall be unlawful for any railroad company . . . whose road has been constructed wholly or in part by public aid or local subscription . . . to . . . abandon . . . said track . . . except upon the decree or order of the circuit court . . . upon petition of the railroad company desiring to make such abandonment . . . *Provided, That . . . such railroad*

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] MCL 469.221; MSA 22.591 has since been repealed by 1993 PA 354, § 451, effective January 14, 1994. The repealer did not extinguish plaintiffs' cause of action, however. See *Minty v Bd of State Auditors*, 336 Mich 370; 58 NW2d 106 (1953).

*company first deed back to the person, persons or corporation from whom it was received or to his or its heirs, assigns, executors, administrators or successors, each and every tract, part or parcel of land or right of way, obtained from such person, persons or corporation.* [Emphasis added.]

The parties stipulated to the appointment of a special master, John G. Cameron, to determine whether plaintiffs' predecessors' deeds conveyed to defendant's predecessor a fee interest, and, if so, the nature of that interest. The special master found that the deeds conveyed a fee simple interest in the property. The trial court adopted the special master's report.

With the premise that the deeds conveyed the land to defendant's predecessor in fee simple, the trial court ruled that, pursuant to *Quinn v Pere Marquette R Co*, 256 Mich 143; 239 NW 376 (1931), land acquired by purchase is not subject to the deed-back provision of MCL 469.221; MSA 22.591. Accordingly, the court granted defendant's motion for summary disposition pursuant to MCR 2.116(C)(10), finding that the statute conferred no rights to plaintiffs with regard to the property.

I

*Quinn, supra,* concerned the ownership of a strip of land and the defendant railroad's right to drill for oil and gas on it. In *Quinn,* the plaintiff's predecessors sold the strip of property to the railroad's predecessor for $1 and conveyed the property by warranty deed reciting that it was "to be used for railroad purposes only." The railroad claimed title to the strip in fee simple absolute. The plaintiff, however, claimed that he was the owner of the strip of land except as it

was burdened by an easement for railroad purposes, and that the subsurface gas and oil belonged to him.

The *Quinn* Court started its analysis by noting that there are several methods by which railroads may acquire title to real property, including voluntary grant or purchase. *Quinn, supra,* p 149. See also *Detroit Edison Co v Detroit,* 332 Mich 348, 353; 51 NW2d 245 (1952). The Court continued:

> Where property is taken through voluntary grant and donation, it "shall be held and used for the purpose of such grant only," 2 Comp Laws 1929, § 11121;[2] and, upon abandonment of the road, the title to property so donated is restored to the donor or his representatives or assigns. 2 Comp Laws 1929, § 11353 [MCL 469.221; MSA 22.591]; *Flint & P M R Co v Rich,* 91 Mich 293 [51 NW 1001 (1892)]. Lands may be acquired also by purchase, 2 Comp Laws 1929, § 11121; and the failure of the statute to attach to such purchase the conditions of tenancy, use, and reverter

---

[2] Now MCL 464.9; MSA 22.212, repealed by 1993 PA 354, § 451, effective January 14, 1994. The statute read in pertinent part:

Every [railroad] corporation shall possess the general powers and be subject to the following liabilities and restrictions:

\*     \*     \*

(b) To receive, hold and take such voluntary grants and donations of real estate and other property as shall be made to it to aid in the construction, maintenance and accommodation of such road . . . but the real estate thus received by voluntary grant shall be held and used for the purpose of such grant only.

(c) To purchase, and by voluntary grants and donations, receive, take and by its officers . . . enter upon and take possession of, hold and use all such lands and real estate, franchises and other property as may be necessary for the construction, maintenance and accommodation of its railroad . . . but they shall not be appropriated until the compensation to be made therefor is agreed upon by the parties, or ascertained as herein prescribed, to be paid to the owners or deposited as hereinbefore directed, unless the consent of such owner be given therefor.

> provided for donated property is persuasive of the intention
> of the legislature that they are not to be applied to limit a
> title so taken. . . .
>
> So our statutes furnish no ground for holding . . . that a
> title taken by purchase . . . is subject to limitations of ten-
> ure not expressed in the deed. . . . Where the property is
> taken by purchase, the character of the estate is determined
> by the terms of grant, as in other cases. [256 Mich 149-150.]

Because the property at issue in *Quinn* was pur-
chased, not donated, and because the statutes did not
limit the railroad's title, the *Quinn* Court then
examined the deed conveying the land to determine
the nature of the railroad's estate in the property.
First, the Court determined that the deed conveyed a
fee, rather than an easement. Next, the Court
addressed the question whether the language of the
deed limited the railroad's fee. With regard to the
deed's recitation that the property was conveyed for
railroad purposes only, the Court stated:

> It seems to be the weight of authority that, where there is
> no reverter clause, a statement of use is merely a declara-
> tion of the purpose of the conveyance, without effect to
> limit the grant. The reasoning is that, as a railroad company
> may take real estate only for railroad purposes, the declara-
> tion that it is to be so used is merely an expression of the
> intention of the parties that the deed is for a lawful pur-
> pose. [*Quinn, supra,* p 151 (citations omitted).]

Accord *Briggs v Grand Rapids,* 261 Mich 11; 245 NW
555 (1932) (deed conveying property to city for park
purposes, without a reverter clause, did not limit the
grant). Because the deed to the railroad did not con-
tain a reverter clause, the Court concluded that there
was no limitation on the railroad's fee title to the
property.

II

In this case, plaintiffs do not dispute that defendant's predecessor purchased the property from plaintiffs' predecessors; there was no voluntary donation. Under *Quinn*, therefore, the statutory requirement of MCL 469.221; MSA 22.591, that ownership of the property revert to the grantors upon abandonment of the railroad, does not apply. Further, there is no allegation in this case that the deeds conveying the property to defendant's predecessor contained a reverter clause that would restore title to the property in plaintiffs upon the abandonment of the railroad. Again, under *Quinn*, plaintiffs cannot assert a property interest in the land. To avoid this result, plaintiffs argue that *Quinn* is not binding on this Court. We disagree.

The *Quinn* Court's determination that the deedback requirement of MCL 469.221; MSA 22.591 applies only to donated property was not merely extraneous language, but was a critical component of the Court's essential premise, that any limits on a railroad's title to purchased property, including the existence of reversionary interests, are to be determined solely by reference to the terms of the grant, and not by statute. " 'When a court of last resort intentionally takes up, discusses and decides a question *germane* to, though not necessarily decisive of, the controversy, such decision is not a *dictum* but is a judicial act of the court which it will thereafter recognize as a binding decision.' " *In re Cox Estate*, 383 Mich 108, 117; 174 NW2d 558 (1970), quoting *Chase v American Cartage Co, Inc*, 176 Wis 235, 238; 186 NW 598 (1922) (emphasis in the original). In *Quinn*, the determination that MCL 469.221; MSA 22.591 does not apply to

purchased property was germane to the determination of the parties' respective interests in the disputed property. Therefore the holding is binding on this Court. *Cox Estate, supra; Cullender v BASF Wyandotte Corp*, 146 Mich App 423, 427; 381 NW2d 737 (1985). Because under *Quinn*, MCL 469.221; MSA 22.591 does not apply to purchased property, plaintiffs have no basis for arguing that the land purchased by defendant's predecessor should be deeded back to them.

Additionally, the Supreme Court specifically held in *Quinn* that "[w]here the property is taken by purchase, the character of the estate is determined by the terms of grant, as in other cases." *Quinn, supra,* p 150. This holding was central in *Quinn*, because it required the Court to look to the terms of the deed to determine the parties' respective rights to the property. The same determination is relevant to resolving the dispute in this case, that is, whether defendant is required to deed back the property it purchased because the land is no longer being used as a railroad. According to *Quinn*, the fee simple grant without any reversionary language controls, and defendant is free to do with the property as it wishes; the fact that the land is no longer used as a railroad does not require defendant to deed the property back to plaintiffs.

Plaintiffs urge this Court to hold that *Quinn* was wrongly decided. A decision of the Supreme Court is binding upon this Court until the Supreme Court overrules itself, however. *Hauser v Reilly*, 212 Mich App 184, 187; 536 NW2d 865 (1995). Therefore, we may not revisit the holding of *Quinn. Id.* Because *Quinn* dictates that MCL 469.221; MSA 22.591 is not

applicable to purchased property such as the property owned by defendant in fee simple, plaintiffs' claim that the statute requires defendant to deed the property back fails, and summary disposition in favor of defendant was proper.

Affirmed.