CS&P, INC v CITY OF MIDLAND

CINCINNATI INSURANCE COMPANY v CITY OF MIDLAND

Docket Nos. 192303, 192304. Submitted April 10, 1997, at Lansing. Decided March 31, 1998, at 9:20 A.M. Leave to appeal sought.

CS&P, Inc., 3-S Construction, Inc., and LBL Investments brought an action against the city of Midland in the Midland Circuit Court, seeking damages, under the trespass-nuisance exception to governmental immunity, for losses incurred when the city-maintained sewer backed up and flooded the plaintiffs' building. Cincinnati Insurance Company, as subrogee of CS&P, brought a similar action in the same court against the city. The actions were consolidated. The court, Paul J. Clulo, J., granted summary disposition for the plaintiffs with respect to liability, ruling that the plaintiffs did not need to prove negligence by the city in order to establish trespass-nuisance. A jury trial with respect to damages resulted in verdicts for the plaintiffs, and the court entered judgments on those verdicts and also awarded the plaintiffs mediation sanctions for the city's rejection of a mediation evaluation. The city appealed.

The Court of Appeals *held*:

Negligence is not an element of the trespass-nuisance cause of action, which requires a plaintiff to show condition (nuisance or trespass), cause (physical intrusion), and causation or control (by government).

Affirmed.

GAGE, J., dissenting, stated that the portion of *Peterman v Dep't of Natural Resources*, 446 Mich 177 (1994), on which the majority relies to hold that negligence is not a necessary element of trespass-nuisance is dicta and should not be followed. Other cases in which the Supreme Court found liability under trespass-nuisance all required wrongful or tortious conduct by the municipalities that were held liable and therefore provide no support for the strict liability imposed in this case.

GOVERNMENTAL IMMUNITY — TRESPASS-NUISANCE EXCEPTION.

Trespass-nuisance, as an exception to governmental immunity, is trespass or interference with the use or enjoyment of land caused by a physical intrusion that is set in motion by the government or its

agents and results in personal or property damage; a plaintiff establishes a claim under the trespass-nuisance exception by showing condition (nuisance or trespass), cause (physical intrusion), and causation or control (by government); negligence by government need not be shown by the plaintiff (MCL 691.1401 *et seq.*; MSA 3.996[101] *et seq.*).

*Barry B. George,* for CS&P, Inc.

*Sidney B. Schneider,* for 3-S Construction, Inc., and LBL Investment.

*O'Neill, Wallace & Doyle, P.C.* (by *James E. O'Neill, III*), for Cincinnati Insurance Company.

*O'Connor, DeGrazia & Tamm, P.C.* (by *Julie McCann-O'Connor* and *James I. DeGrazia*), for city of Midland.

Before: KELLY, P.J., and WAHLS and GAGE, JJ.

WAHLS, J. In Docket No. 192303, defendant City of Midland appeals as of right from the trial court's amended judgment entered in favor of plaintiffs CS&P, Inc., 3-S Construction, Inc., and LBL Investments following a jury trial. In Docket No. 192304, Midland appeals as of right from the amended judgment entered in favor of plaintiff Cincinnati Insurance Company following a consolidated jury trial. We affirm.

According to the undisputed testimony, water and sewage emanating from the toilets and floor drains invaded the premises of a commercial building located in Midland and owned by LBL Investments. Both CS&P and 3-S Construction occupied suites in the lower level of the building. The flooding caused extensive damage to the building and its contents. The tenants could not occupy the lower portion of

the building for several weeks. CS&P received $48,367.62 in insurance proceeds from Cincinnati Insurance because of the damage. Cincinnati Insurance subsequently received a $10,000 salvage refund. Broken risers in the sewer on a street adjacent to the building caused a blockage, and diverted the water and sewage into the building. Midland admitted that it owned the sewer system, that it was responsible for maintaining, installing, and repairing sanitary sewers, and that the section of the sewer that failed had been cleaned and inspected, no problems having been found.

On November 2, 1994, CS&P, 3-S Construction, and LBL Investments filed a one-count complaint against Midland, claiming that Midland was liable for damages to the building and its contents under a trespass-nuisance theory. On November 7, 1994, Cincinnati Insurance, as the subrogee of CS&P, filed a complaint against Midland. In its pretrial statement, Cincinnati Insurance indicated that it was proceeding under a theory of trespass-nuisance. Midland pleaded governmental immunity and contributory or comparative negligence as affirmative defenses to both complaints.

3-S Construction, LBL Investments, and Cincinnati Insurance all moved for summary disposition pursuant to MCR 2.116(C)(9) and (10), arguing that Midland had admitted to the elements of trespass-nuisance and that negligence did not need to be proved to find liability under a trespass-nuisance theory. CS&P made a similar motion pursuant to MCR 2.116(C)(10). Midland filed motions for summary disposition pursuant to MCR 2.116(C)(7), (8), and (10), arguing that because maintenance of a sewer system

is a governmental function, plaintiffs' claims were barred by governmental immunity.

The trial court held that plaintiffs had pleaded causes of action under the trespass-nuisance exception to governmental immunity, that a genuine issue of material fact remained only with respect to plaintiffs' damages, and that governmental immunity was not a defense for Midland. The trial court also ruled that negligence was not an element that plaintiffs had to prove to establish Midland's liability under a trespass-nuisance theory. Following a jury trial with respect to damages, CS&P was awarded $30,348.74 in damages, interest, and costs; LBL Investments was awarded $20,802.99 in damages and interest; 3-S Construction was awarded $10,739.21 in damages and interest; 3-S Construction and LBL Investments were jointly awarded $165.80 in costs; and Cincinnati Insurance, as the subrogee of CS&P, was awarded $33,618. The trial court subsequently awarded mediation sanctions to plaintiffs on the basis of Midland's refusal to accept the meditation determinations.

Midland's sole issue on appeal is that the trial court erred in ruling that plaintiffs did not need to prove negligence as a predicate to establishing liability under the trespass-nuisance exception to governmental liability. We disagree.

Under the governmental immunity act, MCL 691.1401 *et seq.*; MSA 3.996(101) *et seq.*, governmental agencies are immune from tort liability when engaged in the exercise or discharge of a governmental function. *Phinney v Perlmutter*, 222 Mich App 513, 549; 564 NW2d 532 (1997). In *Hadfield v Oakland Co Drain Comm'r*, 430 Mich 139; 422 NW2d 205 (1988), the Court considered whether there was a nuisance

exception to governmental immunity. The Court concluded that a limited trespass-nuisance exception to governmental immunity existed. *Continental Paper & Supply Co, Inc v Detroit*, 451 Mich 162, 164; 545 NW2d 657 (1996); *Hadfield, supra* at 145, 205, 209, 213.

Trespass-nuisance is a "trespass or interference with the use or enjoyment of land caused by a physical intrusion that is set in motion by the government or its agents and resulting in personal or property damage." *Continental Paper, supra* at 164; *Hadfield, supra* at 169, 209. To establish trespass-nuisance, a plaintiff must show: (1) condition (nuisance or trespass); (2) cause (physical intrusion); and (3) causation or control (by government). *Continental Paper, supra* at 164; *Hadfield, supra* at 169. The trespass-nuisance doctrine applies only to state and local governments. See *Cloverleaf Car Co v Phillips Petroleum Co*, 213 Mich App 186, 193; 540 NW2d 297 (1995).[1]

In *Peterman v Dep't of Natural Resources*, 446 Mich 177, 205, n 42; 521 NW2d 499 (1994), the Court stated the following with regard to a claim pursuant to the trespass-nuisance doctrine:

> While a governmental entity must have been a proximate cause of the injury, "the source of the intrusion" need not originate from "government-owned land." *Li* [*v Feldt (After Remand)*, 434 Mich 584; 456 NW2d 55 (1990)], *supra* at 594, n 10. Moreover, "[n]egligence is not a necessary element of this cause of action." *Robinson v Wyoming Twp*, 312 Mich 14, 24; 19 NW2d 469 (1945). This is true even if an instru-

---

[1] A person who is not a governmental agency must intend to intrude upon the private property of another in order to be liable under a trespass theory. *Cloverleaf, supra* at 195. A private actor is not liable for a negligent intrusion onto the property of another. *Id.*

mentality causing the trespass-nuisance was "built with all due care, and in strict conformity to the plan adopted by" a governmental agency or department. *Seaman v City of Marshall*, 116 Mich 327, 329-330; 74 NW 484 (1898).

This Court is obligated to follow the Supreme Court's decision in *Peterman* until such time as the Supreme Court overrules itself.[2] See *O'Dess v Grand Trunk W R Co*, 218 Mich App 694, 698, 700; 555 NW2d 261 (1996). Accordingly, the trial court did not err in ruling that plaintiffs did not need to prove negligence as a predicate to establishing liability under the trespass-nuisance exception to governmental immunity.[3] *Id.*; *Robinson, supra* at 23-24.

Affirmed.

KELLY, P.J., concurred.

GAGE, J. (*dissenting*). I respectfully dissent from the result reached by the majority, which accepts

---

[2] Unlike the dissent, we conclude that we are bound by the rule in *Peterman*. Even if the footnote in *Peterman* is dicta, we believe that the cases cited there bind us to the same rule. See *Robinson, supra* at 23-24. The trespass-nuisance exception to governmental immunity has its roots in the "Taking" Clause of the Michigan Constitution, Const 1835, art 1, § 19 through Const 1963, art 10, § 2. "Trespassory invasions that stopped short of being 'takings' of property were considered actions for which governmental entities should not escape liability." *Hadfield v Oakland Co Drain Comm'r*, 430 Mich 139, 155, 168-169; 422 NW2d 205 (1988) (BRICKLEY, J.).

[3] In most jurisdictions, the liability of a municipality for the damage caused by the clogging of a drain or sewer is predicated in the first instance upon its negligence. Anno: *Municipality's liability for damage resulting from obstruction or clogging of drains or sewers*, 59 ALR2d 281, 301, § 7[a]. Professor Luke K. Cooperrider criticized the Court's decision in *Robinson, supra*, as blurring the "distinction between the intrusion that is the intended or necessary result of the defendant's act and that which is accidental." Cooperrider, *The court, the legislature, and governmental tort liability in Michigan*, 72 Mich L R 187, 243 (1973).

strict liability for municipal defendants in trespass-nuisance cases.

First, as a primary matter, the majority opinion correctly indicates that in a note in *Peterman v Dep't of Natural Resources*, 446 Mich 177, 205, n 42; 521 NW2d 499 (1994), our Supreme Court stated that negligence was "not a necessary element" of a trespass-nuisance cause of action. However, I believe that the Court's comments in note 42 are dicta. The Court ultimately found that the trespass-nuisance doctrine did not apply because there was no physical intrusion in that case. *Id.* at 207. Therefore, I believe that we are not obligated to follow the Supreme Court's analysis of the issue in *Peterman* because the note is not "germane to the determination of the parties' respective interests." See *O'Dess v Grand Trunk W R Co*, 218 Mich App 694, 700; 555 NW2d 261 (1996).

In the Supreme Court opinion cited in the note, *Robinson v Wyoming Twp*, 312 Mich 14; 19 NW2d 469 (1945), the trial court denied the defendant's motion for summary dismissal of the plaintiffs' complaint, denied the defendant's motion for judgment *non obstante veredicto* after a jury found for the plaintiffs, and denied defendant's motion for a new trial. On appeal, the defendant argued that the plaintiffs were required to allege and prove negligence to establish a prima facie case. The Supreme Court disagreed, noting without citation to prior authority, that in a lawsuit alleging trespass, "evidence of negligence on the part of the agents and servants of the defendant was not necessary in order to establish a *prima facie* case. Negligence is not a necessary element of this cause of action." *Id.* at 23-24. However, the *Robinson* Court also quoted from Cooley on Torts (2d ed),

p 680, the rule that "there is imposed upon a person who collects water in an artificial reservoir an obligation to use care 'proportioned to the danger of injury from the escape.' " In determining that the defendant township was not immune from liability, the Court noted: "From the evidence in the case at bar the jury could find that the township of Wyoming had so constructed its park and lake that the flooding of plaintiffs' property was a natural result from surplus water flowing out of the breakthrough in the embankment." *Robinson, supra* at 25. Thus, it does not appear that that the Supreme Court in *Robinson* held the township defendant strictly liable for the plaintiffs' damages, despite the often-repeated holding that negligence is not a necessary element of a prima facie case of trespass.

Moreover, other opinions from our Supreme Court appear to provide that some element of wrongdoing must be established to find a municipal defendant liable for trespass-nuisance. For example, in *Seaman v City of Marshall*, 116 Mich 327, 329-330; 74 NW 484 (1898), the Supreme Court noted:

> We are of the opinion that there may be a right of action where an injury results from a sewer, although built with all due care, and in strict conformity to the plan adopted by the council. Such liability is recognized *where it is permitted to collect water and discharge it upon the lands of a private person. . . .*
>
> Upon the uncontradicted testimony, we are able to say that the city of Marshall *caused an accumulation of water that would not have occurred but for its street gutters, and that by reason of the inadequacy of the outlet, or its stoppage, this water overflowed the gutter upon plaintiff's premises, to his injury.* There is no doubt of the authority of the city to establish a system of drainage for the benefit

of the highway and the citizens, and it cannot be said that it must be sufficient for every possible emergency. But *the city is required to use due caution, and if, through its negligence in not providing reasonably efficacious means to take care of the water that it should reasonably expect to accumulate by reason of its gutters, a person is injured by the overflow upon his premises of water collected by the sewers, and brought to such premises, and which would not otherwise have invaded them, the city is liable* for the damages. [Emphasis added.]

Similarly, *Herro v Chippewa Co Rd Comm'rs*, 368 Mich 263; 118 NW2d 271 (1962), involves a suit for a wrongful death in which the plaintiff's decedent died in a summer house, which had been upended and hurled into a ravine by rising floodwater after a particularly heavy rainfall. The decedent became trapped in the sand and drowned after the water rose slowly around her. The plaintiff alleged that the defendant, which had completed the installation of a culvert and the reinforcement of roads in the area twenty months before the drowning, knowingly violated its duty to construct and maintain its roads and culverts to provide adequate drainage of accumulated rainwater to prevent flooding. The Supreme Court, finding that plaintiff had stated an actionable claim, overturned the lower court's grant of summary judgment for the defendant.

I believe that in each of these cases, the Supreme Court found some element of wrongful or tortious conduct by the defendant before establishing liability. Although the cases recognize that there is no governmental immunity when a plaintiff successfully pleads and proves a trespass-nuisance by a public defendant, none of these cases calls for strict liability for a

municipal defendant based on the construction of a sewer system or other public works project.

The present case was sent to the jury for damages only. Liability on the part of defendant was presumed under the reasoning adopted by the majority. I would reverse the judgment for plaintiffs on the basis of the trial court's erroneous ruling that plaintiffs did not need to prove any wrongful or tortious conduct to establish defendant's liability. If defendant chooses to pursue an additional appeal, I would urge our Supreme Court to accept its application to resolve the apparent controversy concerning whether a public defendant can be held strictly liable for a trespass-nuisance or whether the plaintiff must establish some level of wrongdoing on the part of the defendant.