GARFIELD TOWNSHIP v. D. W. HERMAN et al.

No. 12,914. (71 Pac. 517.)

SYLLABUS BY THE COURT.

1. TITLE AND OWNERSHIP—*Statutory Dedication.* To constitute a valid statutory dedication which will vest the title of land intended for public uses in a county, the plat must be made, acknowledged and certified conformably to the requirements of the statute.

2. ———— *Deed Construed—Court-house Grounds.* In a deed conveying ground to a county there was a recital that it was to be used for court-house purposes, but it contained no provisions for forfeiture, or that the property should revert to the grantor under any circumstances. *Held,* that an absolute estate in fee simple was conveyed.

3. ———— *Property of Garfield Township.* When Garfield county was dissolved, the township of Garfield, which was made up of the territory formerly included in the county, succeeded to the property of the county as well as to its liabilities.

Error from Finney district court; WILLIAM EASTON HUTCHISON, judge. Opinion filed February 7, 1903. Reversed.

*Garver & Larimer*, for plaintiff in error.

*Sutton & Scates*, for defendants in error.

The opinion of the court was delivered by

JOHNSTON, C. J. : This was an action of ejectment brought by Garfield township against D. W. Herman, involving the title to a block of ground in the town of Ravanna. Semar Mason owned a tract of land in Hodgeman county, including that in controversy, which he undertook to subdivide and plat as a town site in 1885, but it does not appear that the plat was acknowledged and certified as the statute requires. In 1887 the legislature attempted to create the county of Garfield and included the land in question within its boundaries. In 1888 Mason conveyed the ground in question to Garfield county for court-house purposes for a consideration of $2400. Bonds to the amount of $10,000 were voted and issued by Garfield county for the building of a court-house, and from the proceeds of the bonds a court-house was built upon the block purchased from Mason. Before it was fully completed the county-seat was removed from Ravanna, and since then the building has not been used as a court-house. In a judicial proceeding the county was dissolved, and afterward the territory constituted Garfield township of Finney county. The township has been held to be the legal successor of Garfield county and liable for the court-house bonds issued to build the court-house upon the land in question. (*Riley v. Garfield Township*, 54 Kan. 463, 38 Pac. 560.) In 1892 Mason made a quitclaim deed to Herman for the block on which the court-house was built, and in his answer in this proceeding Herman claims title to the block by virtue of that deed.

17—66 KAN.

The title to the land is in the township. The attempted dedication by Mason, in 1885, was ineffectual to vest title in the public. The plat which he made, and afterward ignored, does not appear to have been acknowledged and certified, and these things are essential to a statutory dedication. (Gen. Stat. 1901, § 4364; *Brooks v. City of Topeka*, 34 Kan. 277, 8 Pac. 392.) The deed from Mason to Garfield county, in 1888, which recited the intended use of the property, divested the grantor of his entire title and interest, and left nothing in him upon which the quitclaim deed to Herman, in 1892, could operate. The county acquired absolute title, possession, and control, and, under the decision cited, the township succeeded to the property, as well as to the liabilities, of the dissolved county.

While the conveyance to the county recites that the property was to be used for court-house purposes, it does not indicate that an estate was transferred upon a condition subsequent, nor that there should be a forfeiture or a reversion to the grantor under any circumstances, and, hence, an absolute estate in fee simple was conveyed. The recital as to use is much like the one in *Curtis v. Board of Education*, 43 Kan. 138, 23 Pac. 98, where the deed contained a provision that the property should be used "for the erection of a schoolhouse thereon and for no other purpose," and it was held that, although there was a limitation on the use, a fee-simple title was conveyed. See, also, *City of Wellington v. Wellington Township*, 46 Kan. 213, 26 Pac. 415. Even if Mason had a right to demand a forfeiture, no such demand has been made, and such right, if it existed, may not be assigned, or, at least, it is not transferable by an ordinary deed. (*Piper v. U. P. Railway Co.*, 14 Kan. 574.) Herman, therefore,

has no title to the ground, and the testimony does not show that he has any right or interest which he can successfully assert against the township.

The judgment of the district court will be reversed, and the case remanded for further proceedings.

All the Justices concurring.

MASON, J., not sitting, having been of counsel in the court below.