. QUINN *v.* PERE MARQUETTE RAILWAY CO.

1. RAILROADS—USE OF RIGHT OF WAY—STATUTES.

   Michigan statutes do not single out railroad rights of way for special treatment in regard to conveyance and use, but they provide a uniform rule for acquisition of lands and other property "for the construction, maintenance and accommodation of its railroads," bridges, buildings, etc. (2 Comp. Laws 1929, § 11121 *et seq.*).

2. SAME—MANNER OF ACQUIRING TITLE TO LAND BY RAILROAD COMPANIES.

   Title may be acquired to lands by railroad companies by voluntary grant, purchase, condemnation (2 Comp. Laws 1929, § 11121 *et seq.*), or prescription, but not by dedication.

3. SAME—PROPERTY DONATED FOR SPECIAL PURPOSE IS RESTORED TO DONOR ON ABANDONMENT.

   Where property is taken by railroad company through voluntary grant and donation, it "shall be held and used for the purpose of such grant only" (2 Comp. Laws 1929, § 11121), and, upon abandonment of the road, title to property. so donated is restored to donor or his representatives or assigns.

4. SAME—REVERTER NOT APPLICABLE TO LANDS PURCHASED—STATUTES—INTENT.

   Failure of statute to attach to lands purchased by railroad company conditions of tenancy, use, and reverter provided for donated property is persuasive of intention of legislature that they are not to be applied to limit title so taken.

5. SAME—TITLE ACQUIRED BY CONDEMNATION.

   On condemnation of land by railroad company, owner "shall be divested and barred of all right, estate, and interest in such real estate, franchise, or other property until such right or title shall be again legally vested in such owner" (2 Comp. Laws 1929, § 11135).

6. SAME—LANDS PURCHASED NOT SUBJECT TO LIMITATIONS—EASEMENTS.

   Michigan statutes furnish no ground for holding, by analogy to condemnation, donation, or otherwise, that a title taken

---

As to meaning of railroad "right of way," see annotation in 1 L. R. A. 214; 4 L. R. A. 275; 66 L. R. A. 37.

by railroad company by purchase is merely an easement or that it is subject to limitations of tenure not expressed in deed.

7. SAME—TITLE OF RIGHT OF WAY MAY BE ABSOLUTE FEE OR OTHER-WISE.

Railroad company may acquire in strip of land for right of way, as well as in other real estate, title in fee absolute, determinable fee, easement, lease, or license, as may another corporation or individual.

8. SAME—CHARACTER OF ESTATE DETERMINED BY GRANT.

Where property is taken by railroad company by purchase, character of estate is determined by terms of grant, as in other cases.

9. SAME—MEANING OF "RIGHT OF WAY"—EASEMENTS.

"Right of way" has two meanings in railroad parlance: strip of land upon which track is laid, and legal right to use such strip; and in latter sense it may mean easement, but character of title taken to strip depends upon language of conveyance.

10. SAME—WHEN EASEMENT ONLY IS CONVEYED.

Where grant to railroad company is not of land, but is merely of use or of right of way, or, in some cases, of the land specifically for right of way, easement only is conveyed.

11. SAME—WHEN CONVEYANCE IS IN FEE.

Where land itself is conveyed, although for railroad purposes only, without specific designation of right of way, conveyance is in fee and not of easement.

12. SAME—DEBASING FEE NOT FAVORED BY LAW.

Debasing of fee in grant to railroad company is not favored by law, but provisions tending thereto are to be construed against grantor.

13. SAME—USE—REVERTER—WHEN GRANT NOT LIMITED.

Where there is no reverter clause in grant of land to railroad company, statement of use is merely declaration of purpose of conveyance, without effect to limit grant.

14. SAME—REVERTER—DETERMINABLE FEE UPON CONDITION SUBSE-QUENT.

Where grant to railroad company contains reverter clause, title is determinable fee upon condition subsequent.

15. SAME—POSSIBILITY OF REVERTER NOT ASSIGNABLE BEFORE BREACH OF CONDITION SUBSEQUENT.

If grant to railroad company created fee upon condition subsequent, purchaser of grantor's rights before breach could not enforce reverter, because possibility of reverter may not be assigned before breach of condition.

.16. COVENANTS—NO COVENANT IMPLIED EXCEPT IN OIL AND GAS LEASES.

Under 3 Comp. Laws 1929, § 13281, no covenant may be implied in any conveyance of real estate except oil and gas leases.

17. EQUITY—WILL NOT ENFORCE RESTRICTION TO WORK INJUSTICE.

Court of equity will not construe or enforce restriction on use of real estate to work injustice.

18. RAILROADS—GRANT FOR RAILROAD PURPOSES WITHOUT RESERVATION TO GRANTORS PASSES TITLE TO OIL AND GAS.

Where grant of land to railroad company was for railroad purposes only, but deed contained no reservation to grantors, grantee took title to gas and oil in place.

19. SAME—INJUNCTION—DRILLING OIL AND GAS WELL ON RIGHT OF WAY—EQUITY.

Court of equity will not intervene, at instance of adjoining landowner, to prevent drilling of oil well by railroad company on its right of way, where it does not appear that mere operation of drilling will injure plaintiff's land; but equitable procedure would be to accord to both parties free and equal chance to develop their own lands.

20. SAME—COVENANT OF USE.

Grant of land to railroad company "to be used for railroad purposes only" is not covenant of use.

21. SAME—GRANT TO RAILROAD—CONSIDERATION.

Where land was granted to railroad company to be used for railroad purposes only, and principal consideration was benefit to adjoining land through construction and operation of railroad, so long as railroad continues in operation, purpose of grant is subserved and consideration fully paid.

22. SAME—EASEMENTS—TITLE IN FEE—RIGHT TO DRILL FOR OIL AND GAS.

Railroad company taking merely easement in land may not drill for gas and oil, but where it takes title in fee by deed without conditions it may drill for gas and oil.

23. SAME—PRIVATE INDIVIDUAL MAY NOT QUESTION RIGHT OF RAIL-
ROAD TO DRILL FOR OIL AND GAS.

    If drilling for gas and oil on its right of way by railroad com-
        pany is *ultra vires* under 2 Comp. Laws 1929, § 11135, State
        may by proper proceeding compel it to return to its proper
        sphere, but private person who has no restrictive estate or
        interest in land owned by it may not question its use in
        any manner which would be lawful if owned by individual.

Appeal from Clare; Hart (Ray), J. Submitted
October 21, 1931. (Docket No. 157, Calendar No.
35,967.) Decided December 8, 1931.

Bill by John Quinn against Pere Marquette Rail-
way Company and another to restrain drilling for
oil and gas on certain land. Decree for plaintiff.
Defendants appeal. Reversed, and bill dismissed.

*John Quinn*, in pro. per.

*John C. Shields* and *A. W. Penny*, for defendants.

*Haswell W. Grant, amicus curiæ.*

FEAD, J. This is a bill to restrain defendants from
drilling for oil and gas on certain land. The facts
were stipulated.

(1) September 7, 1881, Aaron T. Bliss and
Lyman W. Bliss, by warranty deed, sold and con-
veyed to the Saginaw & Clare County Railroad Com-
pany, "to be used for railroad purposes only:"

"A parcel of land one hundred feet in width, lying
fifty feet on each side of the center line of the Sagi-
naw & Clare County Railroad, as located and estab-
lished upon and across the lands of said parties of
the first part, (describing a 40-acre parcel) * * *
and all the estate, right, title, claim and demand
whatsoever of the parties of the first part, both legal
and equitable, in and to the said premises: To have

and to hold the above granted premises to the said party of the second part, its successors and assigns forever, for the uses above expressed.''

(2) The grantee constructed tracks and other appurtenances for general railroad purposes and the land has been used for such purposes continuously since.

(3) Plaintiff has acquired the title of Aaron T. and Lyman Bliss to the 40-acre parcel and whatever right or title they retained in the 100-foot strip after their conveyance.

(4) The transaction was a purchase. The consideration for the conveyance was $1, and also the benefit, advantage, and enhanced value of grantors' adjacent land by reason of the construction of a railroad. Defendant is a purchaser in good faith and for valuable consideration of the title of the grantee.

(5) Defendant company claims title to the strip in fee simple absolute, has granted defendant Sovereign the right to drill for oil and gas thereon but without interfering with the railroad business and with the condition that oil found shall be shipped over defendant's road.

(6) Plaintiff claims he is owner of the fee of the strip of land except as it is burdened by an easement of use for railroad purposes, and that the gas and oil under the surface belong to him.

In entering decree for plaintiff, the court felt the case was controlled by our statutes and by *New York Central, etc., R. Co.* v. *Aldridge,* 135 N. Y. 83, 95 (32 N. E. 50, 17 L. R. A. 516), and *Abercrombie* v. *Simmons,* 71 Kan. 538 (81 Pac. 208, 1 L. R. A. [N. S.] 806, 114 Am. St. Rep. 509, 6 Ann. Cas. 239).

In the New York case, it was held, by virtue of statute, that where a railroad company acquires a

right of way on the shore of navigable water, although it may take in fee, the upland owner retains all riparian rights which he had before the conveyance. This doctrine was disapproved in *Attorney General* v. *Smith,* 109 Wis. 532 (85 N. W. 512). In New York, it seems to be confined to riparian rights, as a railroad company may take title in fee absolute, with full rights of enjoyment and alienation, as between itself and the grantor. *Buffalo Pipe Line Co.* v. *Railroad Co.,* 10 Abb. New Cases, 107; *Yates* v. *Van DeBogert,* 56 N. Y. 526; *Atlantic Mills, Inc.,* v. *Railroad Co.,* 126 Misc. Rep. 349 (214 N. Y. Supp. 123).

In the Kansas case, the court read into the deed the language that the land was taken as and for a right of way, cited cases holding that such provision created an easement, and also suggested that, by analogy, the title to a right of way taken by purchase should be no greater than that taken under condemnation proceedings, which is an easement (Revised Statutes of Kansas 1923, 66–904; *Harvey* v. *Railroad Co.,* 111 Kan. 371 [207 Pac. 761, 50 A. L. R. 300]), although under the former statute it could have taken a fee. *Challiss* v. *Railroad Co.,* 16 Kan. 117. The court did not decide whether the estate was an easement or a determinable fee; and, as it decreed reverter for total failure to use and for complete abandonment of right of way for railroad purposes, the result would have been the same whether the estate had been held to be an easement or a fee on condition precedent or subsequent.

To the contrary of the discussion in the Kansas case, it is held that where the conveyance is not limited by its terms to a right of way purpose and the deed has no conditions, title in fee passes (*Spierling* v. *Ohl,* 232 Ill. 581 [83 N. E. 1068, 13

Ann. Cas. 430]; *Kynerd* v. *Hulen* [C. C. A.], 5 Fed.
[2d] 160 [Okla.]); and that, although a railroad
company acquires only an easement in a right of
way by condemnation, it may acquire a fee by pur-
chase. *Right of Way Oil Co.* v. *Gladys City Oil, etc.,
Co.,* 106 Tex. 94 (157 S. W. 737, 51 L. R. A. [N. S.]
268).

Unlike some others, our statutes do not single out
rights of way for special treatment, but they pro-
vide a uniform rule for the acquisition of lands and
other property "for the construction, maintenance
and accommodation of its railroad," bridges, build-
ings, etc. (2 Comp. Laws 1929, § 11121).

Title may be acquired by voluntary grant, pur-
chase, condemnation (2 Comp. Laws 1929, § 11121
*et seq.*), or prescription (*Felton* v. *Wedthoff,* 185
Mich. 72; *Munroe* v. *Railway Co.,* 226 Mich. 158),
although not by dedication (*Minneapolis, etc., R. Co.*
v. *Marble,* 112 Mich. 4). Where property is taken
through voluntary grant and donation, it "shall be
held and used for the purpose of such grant only,"
2 Comp. Laws 1929, § 11121; and, upon abandonment
of the road, the title to property so donated is
restored to the donor or his representatives or as-
signs. 2 Comp. Laws 1929, § 11353; *Flint & P. M. R.
Co.* v. *Rich,* 91 Mich. 293. Lands may be acquired
also by purchase, 2 Comp. Laws 1929, § 11121; and
the failure of the statute to attach to such purchase
the conditions of tenancy, use, and reverter pro-
vided for donated property is persuasive of the in-
tention of the legislature that they are not to be
applied to limit a title so taken. On condemnation,
the owner—

"shall be divested and barred of all right, estate,
and interest in such real estate, franchise, or other
property, until such right or title shall be again

legally vested in such owner." 2 Comp. Laws 1929, § 11135.

So our statutes furnish no ground for holding, by analogy to condemnation, donation, or otherwise, that a title taken by purchase is merely an easement or that it is subject to limitations of tenure not expressed in the deed. A railroad company may acquire in a strip of land for right of way, as well as in other real estate, title in fee absolute, determinable fee, an easement, lease, or license, as may another corporation or an individual. Where the property is taken by purchase, the character of the estate is determined by the terms of grant, as in other cases.

"Right of way" has two meanings in railroad parlance: the strip of land upon which the track is laid, and the legal right to use such strip. In the latter sense it may mean an easement. But in this State and others the character of the title taken to the strip depends upon the language of the conveyance.

Where the grant is not of the land but is merely of the use or of the right of way, or, in some cases, of the land specifically for a right of way, it is held to convey an easement only. *Hickox* v. *Railway Co.*, 78 Mich. 615; *Mahar* v. *Railway Co.*, 174 Mich. 138; *Putnam* v. *Railway Co.*, 174 Mich. 246; *Matthews* v. *Railway Co.*, 110 Mich. 170 (64 Am. St. Rep. 336); *Jones* v. *Van Bochove*, 103 Mich. 98; *Blakely* v. *Railway Co.*, 46 Neb. 272 (64 N. W. 972); *Louisville & Nashville R. Co.* v. *Covington*, 65 Ky. 526; *East Alabama R. Co.* v. *Doe*, 114 U. S. 340 (5 Sup. Ct. 869); *Lockwood* v. *Railroad Co.*, 43 C. C. A. 202 (103 Fed. 243).

Where the land itself is conveyed, although for railroad purposes only, without specific designation

of a right of way, the conveyance is in fee and not of an easement. The distinction was pointed out by Mr. Justice SHARPE in *Epworth Assembly* v. *Railway*, 236 Mich. 565, 573:

"On the face of these deeds it would appear that a determinable fee had been created. In neither deed is the land conveyed for a right of way, although an inference would doubtless be drawn that it was, from the description used. The first deed provides that the land shall 'be used for railroad purposes only,' and the second that if the land shall 'cease to be used for railroad purposes' for 'one year or longer' it shall revert to the grantor. Had not these provisions been inserted, it seems clear that an unqualified title in fee would have passed to the grantees."

See, also, *Weber* v. *Ford Motor Co.*, 245 Mich. 213; *Ballard* v. *Railroad Co.*, 9 Ky. L. R. 523 (5 S. W. 484); *Coburn* v. *Coxeter*, 51 N. H. 158; *Gilbert* v. *Railway Co.* (C. C. A.), 185 Fed. 102 (Okla.); *Sherman* v. *Sherman*, 23 S. D. 486 (122 N. W. 439); *Rice* v. *Clear Spring Coal Co.*, 186 Pa. 49 (40 Atl. 149).

What was the character of the fee? The rule is that the debasing of a fee is not favored by the law, but provisions tending thereto are to be construed against the grantor. Ann. Cas. 1916B, 606.

It seems to be the weight of authority that, where there is no reverter clause, a statement of use is merely a declaration of the purpose of conveyance, without effect to limit the grant. The reasoning is that, as a railroad company may take real estate only for railroad purposes, the declaration that it is to be so used is merely an expression of the intention of the parties that the deed is for a lawful purpose. 5 A. L. R. 1498, note; 18 C. J. p. 336; *Phillips Gas & Oil Co.* v. *Lingenfelter*, 262 Pa. 500 (105 Atl.

888, 5 A. L. R. 1495); 44 L. R. A. (N. S.) 1220, note; *Greene* v. *O'Connor,* 18 R. I. 56 (25 Atl. 692, 19 L. R. A. 262); *Kilpatrick* v. *City of Baltimore,* 81 Md. 179 (31 Atl. 805, 27 L. R. A. 643, 48 Am. St. Rep. 509); *Long* v. *Moore,* 19 Tex. Civ. App. 363 (48 S. W. 43); *Gilbert* v. *Railroad Co., supra; Sherman* v. *Sherman, supra; Trustees of Hawesville* v. *Hawes's Heirs,* 69 Ky. 232; *Des Moines* v. *Hall,* 24 Iowa, 234; *Keatley* v. *County Court,* 70 W. Va. 267 (73 S. E. 706, Ann. Cas. 1913E, 523); *Sumner* v. *Darnell,* 128 Ind. 38 (27 N. E. 162, 13 L. R. A. 173); *Garfield Township* v. *Herman,* 66 Kan. 256 (71 Pac. 517); *Adams* v. *First Baptist Church,* 148 Mich. 140 (11 L. R. A. [N. S.] 509, 12 Ann. Cas. 224).

Had the grant contained a reverter clause the title would have been a determinable fee upon condition subsequent. *Epworth Assembly* v. *Railway Co., supra; County of Oakland* v. *Mack,* 243 Mich. 279; *Stevens* v. *Railway Co.* (Com. of App. Tex.), 212 S. W. 639; *Williams* v. *McKenzie,* 203 Ky. 376 (262 S. W. 598).

In some cases, however, the estate taken has been held to be a determinable fee although the deed contains no reverter clause. *Slegel* v. *Lauer,* 148 Pa. 236 (23 Atl. 996, 15 L. R. A. 547); *Buffalo Pipe Line Co.* v. *Railroad Co., supra.*

If the estate was a fee upon condition subsequent, plaintiff could not enforce the reverter, because the possibility of reverter cannot be assigned before breach of condition. *Halpin* v. *Rural Agricultural School District,* 224 Mich. 308.

In some of the books, however, there is an intimation that a clause like the one at bar may be held to be an implied covenant on use. 8 R. C. L. p. 1103. As an alternative it is so contended on behalf of plaintiff. By statute, 3 Comp. Laws 1929, § 13281,

no covenant can be implied in any conveyance of real estate except oil and gas leases. But, assuming the clause is a restriction on use, would plaintiff be entitled to the relief sought?

It is fundamental that a court of equity will not construe or enforce a restriction on the use of real estate to work an injustice.

The deed contains no reservation to grantors. The grantee took title to the gas and oil in place. If there is a pool common to the lands of both parties, then, if defendant may not drill, plaintiff, by tapping the pool, may take oil belonging to defendant. Such a result could not be sanctioned, and if it were imperative to restrain defendant from drilling, equity necessarily would attempt to require an accounting by plaintiff for defendant's oil taken by him. However, an accounting would be impracticable, because a common pool cannot be measured and divided by decree. As it does not appear that the mere operation of drilling by defendant could injure plaintiff's land, there is no reason for the intervention of the court. The equitable procedure would be to accord to both plaintiff and defendant the free and equal chance to develop their own lands, leaving to the diligent or the lucky the advantages which are unavoidable fortunes of the business.

But we do not think the clause under consideration was a covenant of use. The primary purpose and principal consideration of the deed were the benefit to the adjoining land through the construction and operation of a railroad. If words are to be read into the deed to effectuate the obvious intention of the parties, they would be appropriate to declaring a forfeiture of title unless the railroad were built and operated. So long as it continues in operation, the purpose of the grant is subserved and the consideration fully paid.

The cases directly involving the right to drill for gas and oil are in accord with the propositions and authorities above discussed.

Where a railroad company takes merely an easement in the land, it cannot drill for gas and oil. *Consumers Gas Trust Co.* v. *American Plate Glass Co.*, 162 Ind. 393 (68 N. E. 1020); *Uhl* v. *Railroad Co.*, 51 W. Va. 106 (41 S. E. 340); *Right of Way Oil Co.* v. *Gladys City Oil, etc., Co., supra; Southern Pacific R. Co.* v. *San Francisco Savings Union*, 146 Cal. 290 (79 Pac. 961, 70 L. R. A. 221, 106 Am. St. Rep. 36, 2 Ann. Cas. 962); *Midland Valley R. Co.* v. *Jarvis* (C. C. A.), 29 Fed. (2d), 539 (61 A. L. R. 1064).

In *Herald* v. *Board of Education*, 65 W. Va. 765 (65 S. E. 102, 31 L. R. A. [N. S.] 588), the deed was given "for the purpose of building a schoolhouse on the same for the benefit of free schools." At suit of taxpayers, the district was restrained from developing the property for oil and gas, although it took title in fee, but on the ground that its functions were purely public and it could not engage in private financial undertakings.

However, it is held that a school district takes title in fee and may lease part of its premises for the production of oil and gas where it continues to conduct the school, although the grant was "for school purposes" (*Taylor* v. *School Trustees* [Tex. Civ. App.], 229 S. W. 670); or "for school purposes only" (*Phillips Gas & Oil Co.* v. *Lingenfelter, supra*); or where a reverter clause operates "when no longer used for common school purposes" (*Williams* v. *McKenzie, supra*).

Where a railroad company takes title in fee by deed without conditions, it may drill for gas and oil (*Nelson* v. *Railway Co.*, 152 La. 117 [92 South. 754]; *Kynerd* v. *Hulen, supra*); or when the land

was granted "for railroad purposes only" (*Gilbert v. Railroad Co., supra*).

The statute, 2 Comp. Laws 1929, § 11135, provides that:

"All real estate, or property whatsoever, acquired by any company under and in pursuance of this act, for the purpose of its incorporation, shall be deemed to be acquired for public use."

It is urged that a railroad company cannot do other than railroad business, that drilling for gas and oil is not railroad business, and, therefore, it is *ultra vires* of the company. If that be so, the State may, by proper proceedings, compel the company to return to its proper sphere. But a private person, who has no restrictive estate or interest in the land owned by the company, cannot question its use in any manner which would be lawful if held by an individual. *Bartee Tie Co.* v. *Jackson*, 281 Ill. 452 (117 N. E. 1007); *Nelson* v. *Railroad Co., supra; Stevens* v. *Railway Co., supra.*

Decree will be reversed, and one entered dismissing the bill.

Butzel, C. J., and Wiest, Clark, McDonald, Sharpe, and North, JJ., concurred. Potter, J., did not sit.