*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

BERNICE MATSEN and
EDWARD W. MARSH,

       Plaintiffs/Counterdefendants,

and

CHRISTOPHER ORR and,
KATHLEEN KERRIGAN,

       Intervening
       Plaintiffs/Counterdefendants-
       Appellants,

v

PATRICK JAMES BRAUN, ANDREW E. LABAR,
CATHI A. LABAR, PATRICK J. BRAUN TRUST,
LISA M. HOLMBERG TRUST, RYAN
MCDONOUGH, NICHOLAS STRASSNER, GAIL
BAKER, ROBERT AND CHERYL FORRY
TRUST, DALE LAFOILLE, KEVIN A. MAY, and
DEANNA M. MAY,

       Defendants/Counterplaintiffs-
       Appellees.

UNPUBLISHED
December 16, 2025
8:55 AM

Nos. 367028
Schoolcraft Circuit Court
LC No. 2019-005414-CH

BERNICE MATSEN and
EDWARD W. MARSH,

       Plaintiffs/Counterdefendants-
       Appellants,

and

CHRISTOPHER ORR and,
KATHLEEN KERRIGAN,

-1-

v

PATRICK JAMES BRAUN, ANDREW E. LABAR,
CATHI A. LABAR, PATRICK J. BRAUN TRUST,
LISA M. HOLMBERG TRUST, RYAN
MCDONOUGH, NICHOLAS STRASSNER, GAIL
BAKER, ROBERT AND CHERYL FORRY
TRUST, DALE LAFOILLE, KEVIN A. MAY, and
DEANNA M. MAY,

               Defendants/Counterplaintiffs-
               Appellees.

No. 367029
Schoolcraft Circuit Court
LC No. 2019-005414-CH

Before: ACKERMAN, P.J., and YOUNG and KOROBKIN, JJ.

PER CURIAM.

These consolidated appeals arise out of a dispute between the residents of two platted subdivisions in Manistique regarding the use of private roads to access Indian Lake as well as ownership of a 15-foot-wide strip of beachfront land on that lake called "Parcel H." Plaintiffs/counterdefendants, Bernice Matsen and Edward W. Marsh (plaintiffs), and intervening plaintiffs/counterdefendants, Christopher Orr and Kathleen Kerrigan (intervening plaintiffs), appeal by right the trial court's May 4, 2023 order granting summary disposition in favor of defendants/counterplaintiffs, Patrick James Braun, Andrew E. LaBar, Cathi A. LaBar, Patrick J. Braun Trust, Lisa M. Holmberg Trust, Ryan McDonough, Nicholas Strassner, Gail Baker, Robert and Cheryl Forry Trust, Dale LaFoille, Kevin A. May, and Deanna M. May (defendants), under MCR 2.116(C)(10) (no genuine issue of material fact). For the reasons stated in this opinion, we affirm.

## I. BACKGROUND AND FACTS

Plaintiffs reside in the 141-lot Indian Lake Sunset Beach subdivision ("Sunset Beach subdivision") east of, and adjacent to, Indian Lake. Defendants reside in a separate 14-lot subdivision called Lake Haven Estates, which is located to the east of the Sunset Beach subdivision on the other side of a public highway known as Danielson Road. The recorded deeds for Lake Haven Estates properties provide that with the ownership of each of the 14 lots in Lake Haven Estates comes a one-fourteenth share of a tenancy-in-common fee interest in Parcel H. Parcel H essentially serves as an access point to Indian Lake, but it is also otherwise landlocked and surrounded by the Sunset Beach subdivision such that the only way for defendants to access Parcel H is by using their neighboring subdivision's private roads.

Deposition testimony describes Parcel H as a narrow strip of land stretching east-west from the lakeshore to a private road within the Sunset Beach subdivision known as Sunset Beach Drive.

The lots directly south of Parcel H are owned by plaintiffs. The land directly north of Parcel H is owned by intervening plaintiffs.

The Indian Lake Company created the plat for the Sunset Beach subdivision in 1937 and recorded the plat in 1946. The plat contains a dedication which provides, in relevant part, that "the streets and alleyes [sic] and Beach Park and Play Ground as shown on said plat are hereby dedicated to the use of the lot owners."

Parcel H is not labeled in the plat, but the record reflects that a title search regarding the land encompassing Parcel H's legal description yields the following chain of title. In 1973, the Indian Lake Company sold Leander and Mary Cardiff numerous parcels of property, involving *inter alia* lots in the Sunset Beach subdivision and the land later described as Parcel H. In 1982, title to these properties vested in the State of Michigan after forfeiture to the county treasurer upon the Cardiffs' failure to pay delinquent property taxes; however, the Cardiffs later reclaimed the property. Around that time, William and Lorrie Bowman purchased the land that became known as Parcel H, as well as other parcels, from the Cardiffs.

By 1984, the Bowmans had also acquired the land now comprising the 14-lot Lake Haven Estates subdivision across Danielson Road from the Sunset Beach subdivision. In March 1984, the Bowmans recorded a "Notice of Certain Restrictions and Covenants, as to Use and Otherwise," detailing their plan to sell the 14 Lake Haven Estates lots with proportional ownership interests in Parcel H. The notice provides, in relevant part:

> Bowmans further intend concurrently to convey to future purchasers/owners of lots in Lake Haven Estates proportional ownership in said Parcel H; that is to say, each subsequent purchaser of any lot in Lake Haven Estates shall concurrently be conveyed by Bowmans an undivided 1/14th interest in said Parcel H, as a tenant in common with other owners and subsequent owners of lots in Lake Haven Estates and of said Parcel H.

The Bowmans then began conveying their first Lake Haven Estates lot with ownership interest in Parcel H to defendants and defendants' predecessors. The Bowmans continued to convey the rest of the Lake Haven Estates lots through 2002. Since these initial conveyances, many of the lots have been resold and conveyed to others various times.

According to plaintiffs' deposition testimony, they first noticed that defendants Braun and the LaBars were using the Sunset Beach subdivision's roads to access Parcel H in 2018 or 2019.[1] In June 2019, on the same day, plaintiffs separately "confronted" Braun and the LaBars, informing them that the roads were private and that their use of them was unpermitted. This litigation ensued shortly thereafter.

---

[1] Defendant Andrew LaBar disputes this timeline in his deposition testimony, stating that he spoke with plaintiffs long before then about who he was and what he was doing on Parcel H. However, because summary disposition was granted in defendants' favor, we consider the facts in the light most favorable to plaintiffs. *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999).

## II. PROCEDURAL HISTORY

Plaintiffs initiated this action against Braun and the LaBars for trespass and to quiet title, requesting corresponding injunctive relief prohibiting defendants' alleged unpermitted use of the Sunset Beach subdivision's private roads. Plaintiffs' complaint did not dispute that defendants owned Parcel H; they merely claimed that defendants had no right to use the Sunset Beach subdivision's private roads to access it. Defendants counterclaimed, requesting a declaratory judgment that defendants held an easement to use the subdivision's private roads to access Parcel H and corresponding injunctive relief preventing plaintiffs from restricting defendants' use of the private roads. Plaintiffs' answer to defendants' countercomplaint admitted that they, as lot owners, held a nonexclusive easement over the roads but denied that they shared the easement with non-lot owners.

During the proceedings, plaintiffs moved to "compel" defendants to join all of the Sunset Beach subdivision lot owners as necessary parties to defendants' easement-based counterclaims. Defendants responded that joining the rest of the Sunset Beach subdivision lot owners was permissive, not mandatory.[2]

Defendants moved for summary disposition under MCR 2.116(C)(8) (failure to state a claim) and MCR 2.116(C)(10) (no genuine issue of material fact), which the trial court granted in part, reasoning that plaintiffs' trespass claim failed because plaintiffs had conceded that they held a nonexclusive easement over the private roads of the Sunset Beach subdivision. According to the trial court, because plaintiffs did not have a right of exclusive possession over the roads, they could not state a claim for trespass. The trial court did not rule on defendants' counterclaimed easement, indicating that it would take the matter under advisement pending discovery.

During discovery, plaintiffs, defendants, and Orr and Kerrigan as adjacent lot owners, were deposed regarding their and their predecessors' extent and history of use and purported ownership of Parcel H. Following discovery, defendants moved for summary disposition under MCR 2.116(C)(10) on the parties' remaining quiet title and easement claims.

With defendants' second motion for summary disposition pending, Orr and Kerrigan then moved to intervene as plaintiffs. Orr and Kerrigan alleged that Sunset Beach subdivision residents had exclusive rights not only to use the subdivision's roads, but also to Indian Lake's access points, as guaranteed by the subdivision's plat and deed restrictions. And unlike plaintiffs, Orr and Kerrigan took the position that the Lake Haven Estate lot owners did not have valid ownership interests in Parcel H. They proposed to name as defendants all the Lake Haven Estates lot owners (including the initial three defendants), and to assert claims to quiet title to Parcel H, for breach of the original plat, for reformation of defendants' deeds, and in the alternative, for adverse possession of Parcel H.

---

[2] The trial court did not rule on this motion until later in the proceedings because the initial trial court judge retired.

-4-

Following a hearing, the trial court granted the motion to intervene. At the same hearing, the trial court denied plaintiffs' earlier joinder motion, reasoning that joinder was permissive, not compulsory.

Intervening plaintiffs then moved for summary disposition under MCR 2.116(C)(10), contending that because the Sunset Beach subdivision plat provided that "the streets and alleyes [sic] and Beach Park and Play Ground as shown on" the plat were "dedicated to the use of the lot owners," defendants' deeds were invalid to the extent that the deeds purported to convey to them an interest in Parcel H. Intervening plaintiffs also argued, in the alternative, that there was no issue of material fact that they satisfied the elements of adverse possession over Parcel H. Defendants filed a competing motion for summary disposition under MCR 2.116(C)(10), contending that the Sunset Beach subdivision plat dedication granted Sunset Beach lot owners only a nonexclusive easement over Parcel H, not an ownership interest. Defendants further argued that intervening plaintiffs' adverse possession claim failed because they provided insufficient evidence of their use of Parcel H beyond the parcel's record of ownership and they, accordingly, could not establish any of the elements of their claim.

The trial court held another hearing and then granted summary disposition in favor of defendants, determining that defendants collectively owned Parcel H, that intervening plaintiffs' adverse possession claim failed, that defendants held an easement by necessity to use the subdivision's private roads to access Parcel H, and that plaintiffs and intervening plaintiffs held an irrevocable nonexclusive easement over Parcel H for lake access. Accordingly, the trial court dismissed plaintiffs' and intervening plaintiffs' claims. Plaintiffs and intervening plaintiffs moved for reconsideration, which the trial court denied. Plaintiffs and intervening plaintiffs now appeal.[3]

## III. STANDARD OF REVIEW

"This Court reviews de novo the grant or denial of a motion for summary disposition to determine if the moving party is entitled to judgment as a matter of law." *Glasker-Davis v Auvenshine*, 333 Mich App 222, 229; 964 NW2d 809 (2020) (quotation marks and citation omitted).

> A trial court may grant a motion for summary disposition under MCR 2.116(C)(10) when the affidavits or other documentary evidence, viewed in the light most favorable to the nonmoving party, show that there is no genuine issue as to any material fact and the moving party is therefore entitled to judgment as a matter of law. [*Id*. (quotation marks and citation omitted).]

"A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Piccione v Gillette*, 327 Mich App 16, 19; 932 NW2d 197 (2019) (quotation marks and citation omitted).

---

[3] Plaintiffs and intervening plaintiffs filed separate appeals, which we consolidated to advance the efficient administration of the appellate process. *Matsen v Braun*, unpublished orders of the Court of Appeals, entered August 21, 2023 (Docket Nos. 367028, 367029).

## IV.  ANALYSIS

In analyzing the issues on appeal, we find it most efficient to begin by addressing the issues involving the parties' respective interests in Parcel H.  We then proceed to address the dispute over defendants' use of the Sunset Beach subdivision roads.  Our analysis of any remaining issues follows.

### A.  OWNERSHIP OF PARCEL H

### 1.  PLAT DEDICATION AND VALIDITY OF DEEDS

Intervening plaintiffs contend that the dedication in the Sunset Beach subdivision plat, recorded in 1946, granted Sunset Beach subdivision lot owners exclusive use of and access to Indian Lake's access points, thereby precluding the Bowmans from subsequently conveying ownership interests in Parcel H to others.  Consequently, they argue, defendants' later-recorded deeds are invalid to the extent they purport to grant defendants an ownership interest in Parcel H.  We disagree; the trial court correctly determined that plaintiffs and intervening plaintiffs held only a nonexclusive irrevocable easement over Parcel H, which did not preclude the Bowmans from conveying fee ownership in Parcel H to defendants and their predecessors.

"When a person purchases property that is recorded in a plat, the purchaser receives both the interest described in the deed and the rights indicated in the plat." *Morse v Colitti*, 317 Mich App 526, 534; 896 NW2d 15 (2016).  "When interpreting deeds and plats, Michigan courts seek to effectuate the intent of those who created them." *Tomecek v Bavas*, 482 Mich 484, 490-491; 759 NW2d 178 (2008).  "The intent of the plattors must be determined from the language they used [in the dedication] and the surrounding circumstances." *Thies v Howland*, 424 Mich 282, 293; 380 NW2d 463 (1985).  "Where the language of a legal instrument is plain and unambiguous, it is to be enforced as written and no further inquiry is permitted." *Little v Kin*, 468 Mich 699, 700; 664 NW2d 749 (2003).  A legal instrument "is ambiguous when its provisions irreconcilably conflict." *In re Estate of Koch*, 322 Mich App 383, 398; 912 NW2d 205 (2017).

"[A]n easement may be created by a subdivision plat." *Wiggins v City of Burton*, 291 Mich App 532, 552; 805 NW2d 517 (2011).  "An easement is the right to use the land of another for a specified purpose, and an easement may be created by express grant, by reservation or exception, or by covenant or agreement[.]" *Bayberry Group, Inc v Crystal Beach Condo Ass'n*, 334 Mich App 385, 399; 964 NW2d 846 (2020) (quotation marks and citations omitted).  "The language of the instrument that granted the easement determines the scope of the easement holder's rights." *Id*. at 399-400.

> The language of an express easement is interpreted according to rules similar to those used for the interpretation of contracts.  Accordingly, in ascertaining the scope and extent of an easement, it is necessary to determine the true intent of the parties at the time the easement was created.  Courts should begin by examining the plain language of the easement, itself.  If the language of the easement is clear, it is to be enforced as written and no further inquiry is permitted.  [*Wiggins*, 291 Mich App at 551 (quotation marks and citations omitted).]

"[L]anguage dedicating land for 'the use' of others is consistent with a grant of an easement, not a grant of fee ownership . . . ." *Morse*, 317 Mich App at 534. Land dedicated to accessing a lakeshore, as in this case, is reasonably presumed to be "an easement to provide access to the lake and not . . . [a conveyance of] actual fee ownership of the land containing the walkway." *Dobie v Morrison*, 227 Mich App 536, 540; 575 NW2d 817 (1998).

Intervening plaintiffs frame their argument around the assertion that Parcel H is an "alley" governed by the Sunset Beach subdivision plat, which provides that "the streets and alleyes [sic] and Beach Park and Play Ground as shown on said plat are hereby dedicated to the use of the lot owners." Assuming, without deciding, that Parcel H is an "alley" within the meaning of the plat dedication, the question is whether the plat dedication language prohibited the Bowmans from subsequently conveying an ownership interest in Parcel H to defendants and their predecessors. We conclude that it did not.

"Private dedications were first statutorily recognized in the 1925 plat act (1925 PA 360)," albeit implicitly. *Little v Hirschman*, 469 Mich 553, 559; 677 NW2d 319 (2004). The Land Division Act, MCL 560.101 *et seq.*, took effect in 1968, expressly allowing private dedications in Michigan. *Id*. at 562. As summarized by this Court, "a private dedication in a plat made before January 1, 1968, conveys an irrevocable easement, whereas a private dedication in a plat after January 1, 1968, conveys a fee interest." *Redmond v Van Buren Co*, 293 Mich App 344, 354; 819 NW2d 912 (2011). Thus, our Supreme Court ruled in *Little v Hirschman*, 469 Mich at 564, that where a 1913 plat dedicated the private use of two parks to subdivision lot owners, other lot owners were "estopped from claiming exclusive rights in the parks," *id*. at 563, because the lot owners did not own the parks.

Similarly, in the present case, the Sunset Beach subdivision plat at issue was recorded in 1946, which means that the Sunset Beach lot owners hold an irrevocable easement, not a fee interest, in Parcel H. *Id*. at 564; *Redmond*, 293 Mich App at 354. Further, the plat dedication language "to the use of" supports the trial court's interpretation that the lot owners held an easement over Parcel H and not fee ownership. See *Morse*, 317 Mich App at 534-535.

In their brief on appeal, intervening plaintiffs note that in *Morse*, this Court recognized that pre-1968 private dedications were said in *Little* to convey " '*at least* an irrevocable easement.' " *Id.* at 543, quoting *Little*, 469 Mich at 564 (emphasis added in *Morse*). Under the facts of that case, the *Morse* Court held that a pre-1968 private dedication conveyed "an additional fee interest to the lot owners whose property lies adjacent to the platted walks." *Morse*, 317 Mich App at 543. However, intervening plaintiffs did not allege in their complaint or argue in their summary disposition briefs that the Sunset Beach subdivision plat dedication conveyed to them a fee interest in Parcel H because it was adjacent to their property. They argued only that the plat's private dedication generally to *all lot owners* precluded the Bowmans from conveying ownership in Parcel H to defendants. "To preserve an issue, the party asserting error must demonstrate that the issue was raised in the trial court. Moreover, the moving party must show that the same *basis* for the error claimed on appeal was brought to the trial court's attention." *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, 347 Mich App 280, 289; 14 NW3d 472 (2023) (emphasis added). "Where an issue is first presented in a motion for reconsideration, it is not properly preserved." *Vushaj v Farm Bureau Gen Ins Co of Mich*, 284 Mich App 513, 519; 773 NW2d 758 (2009). Therefore, we decline to address this unpreserved issue for the first time on appeal.

Intervening plaintiffs also argue that, even if the plat dedication creates an easement and not fee ownership, the plat dedication guarantees the lot owners that their use of Parcel H will be exclusive, which in turn, they argue, would also invalidate defendants' deeds. We disagree; the creation of exclusive easements is generally disfavored by our courts, barring language in the pertinent instrument clearly conveying otherwise. See *Penrose v McCullough*, 308 Mich App 145, 151-152; 862 NW2d 674 (2014) (recognizing that exclusive easements are not favored, but holding that an easement was exclusive where a deed explicitly stated that it conveyed "an exclusive perpetual easement"). Because the plat dedication here contains no language clearly expressing an intent to convey an *exclusive* easement, the easement created by the Sunset Beach subdivision plat dedication was nonexclusive.[4]

Meanwhile, review of Parcel H's chain of title does not indicate that the trial court erred by determining that defendants' deeds validly granted them a collective ownership interest in Parcel H. In the deed conveying Parcel H and numerous Sunset Beach subdivision lots to the Cardiffs in 1974, Parcel H is listed separately in the deed and not with the subdivision lots under the category of "Premises situate in Sunset Beach Subdivision (according to the recorded plat thereof)." Likewise, in the 1983 deed from the Cardiffs to the Bowmans, Parcel H is identified as its own piece of land with no mention of any tie to the Sunset Beach subdivision. In light of Parcel H's traceable chain of title and the Sunset Beach subdivision plat dedication merely providing for "the use" of alleys, we conclude that the provisions from these instruments do not "irreconcilably conflict," *In re Estate of Koch*, 322 Mich App at 398, and they are thus unambiguous. "Where the language of a legal instrument is plain and unambiguous, it is to be enforced as written and no further inquiry is permitted." *Little*, 468 Mich at 700. Therefore, defendants' deeds validly granted them a collective ownership interest in Parcel H.

In sum, the undisputed facts in the record reflect that the 1946 plat granted a nonexclusive irrevocable easement to the Sunset Beach subdivision lot owners, and actual fee ownership of Parcel H was properly conveyed to defendants. Accordingly, we reject intervening plaintiffs' arguments that they or other lot owners were entitled to exclusive use of Parcel H, that conveyance of Parcel H to defendants violated the terms of the plat, and that defendants' deeds required reformation to strike the language conveying their ownership interest in that property. The trial court therefore did not err in granting summary disposition as to those issues.

## 2. ADVERSE POSSESSION

---

[4] Intervening plaintiffs also point to language in the recorded deeds by which their predecessors acquired their lots before the plat was recorded, suggesting that, like the plat dedication language, their own deeds conveyed to them an ownership interest in Parcel H. But a review of their deed language reveals that there, too, the lot owners were merely "entitled to . . . [a]ccess to and free use of the Beach Park, Foot and Horse Trails, wild lands, docks and facilities of" the Sunset Beach subdivision. Assuming this description can be fairly read as encompassing an entitlement to access and use Parcel H, its language entitling them to such "access" and "use," like the plat dedication, merely denotes the grant of a nonexclusive easement, not fee ownership. See *Mich Dep't of Natural Resources v Carmody-Lahti Real Estate, Inc*, 472 Mich 359, 371; 699 NW2d 272 (2005), citing *Quinn v Pere Marquette R Co*, 256 Mich 143, 150-151; 239 NW 376 (1931).

Alternatively, intervening plaintiffs claim that they own Parcel H through adverse possession. We disagree; the trial court did not err by determining that there were no genuine issues of material fact to support that claim.

"A claim of adverse possession requires clear and cogent proof that possession of the disputed property has been actual, visible, open, notorious, exclusive, continuous, and uninterrupted for the statutory period." *Cove Creek Condo Ass'n v Vistal Land & Home Dev, LLC*, 330 Mich App 679, 715; 950 NW2d 502 (2019). In addition, "[t]he use of the property must be 'hostile' . . . ." *Waisanen v Superior Twp*, 305 Mich App 719, 731; 854 NW2d 213 (2014) (citation omitted); see also *Houston v Mint Group, LLC*, 335 Mich App 545, 560; 968 NW2d 9 (2021). "Hostile" use is a term of art meaning use "inconsistent with the right of the owner, without permission asked or given, and which would entitle the owner to a cause of action against the intruder." *Id*. at 559 (quotation marks and citation omitted).

As this Court explained in *Kipka v Fountain*, 198 Mich App 435, 439; 499 NW2d 363 (1993), the "statutory period" for a claim of adverse possession derives from the statute of limitations for a cause of action by the property owner of record to recover possession of land from an adverse party. The limitations period for a property owner to maintain an action against another for recovery or possession of land is generally 15 years, MCL 600.5801(4), so a person claiming adverse possession must show that the property owner had such a cause of action for longer than 15 years but did not pursue it. Such cause of action does not accrue until a landowner is disseized of the land, meaning that they were "deprived of possession or displaced by someone exercising the powers and privileges of ownership." *Id.* at 439.

" '[C]lear and cogent evidence' is more than a preponderance of the evidence, approaching the level of proof beyond a reasonable doubt." *Walters v Snyder*, 225 Mich App 219, 223; 570 NW2d 301 (1997). "[I]n order to establish adverse possession, the true owner must have actual knowledge of the adverse possession, or alternatively, the possession must be so notorious as to raise the presumption to the world that the possessor claims ownership." *Rozmarek v Plamondon*, 419 Mich 287, 293; 351 NW2d 558 (1984). "[U]se of an easement by the owner of the servient estate will not ripen into adverse possession unless such use is inconsistent with the easement." *Beach v Lima Twp*, 283 Mich App 504, 514; 770 NW2d 386 (2009) (quotation marks and citation omitted).

Intervening plaintiffs' claim that they adversely possess Parcel H fails. Because the Sunset Beach subdivision's lot owners held an easement over Parcel H by virtue of the dedication in the plat, their use of it could not ripen into adverse possession unless their use was "inconsistent" with the scope of the easement. *Id*. Based on a review of the record, including intervening plaintiff Orr's testimony that he and his predecessors used Parcel H to access the lake, intervening plaintiffs' use was consistent with the scope of their easement, i.e., for ingress and egress over Parcel H to access the lake. Further, Orr's testimony that he "may have done a bit of mowing" and "may have thrown a few sticks out of the way" is consistent with facilitating intervening plaintiffs' use of the easement and insufficient to create a triable issue of fact that their purported possession of Parcel H was "so notorious as to raise the presumption to the world that the possessor claims ownership." *Rozmarek*, 419 Mich at 293. Notably, there is no evidence that defendants or their predecessors were ever "disseized of the land." *Kipka*, 198 Mich App at 439-440. There is also no evidence in the record of use by intervening plaintiffs or their predecessors that is

inconsistent with the easement. Because intervening plaintiffs' use was consistent with the language of the plat dedication, they have not established a triable question of fact to support the elements of open, hostile, or notorious use. See *Beach*, 283 Mich App at 514. Accordingly, the trial court did not err by granting defendants' motion for summary disposition on intervening plaintiffs' claim of adverse possession.[5]

## B. DEFENDANTS' USE OF SUNSET BEACH SUBDIVISION ROADS

### 1. EASEMENT BY NECESSITY

Having resolved the issues over ownership of Parcel H, we now return to the dispute that initially gave rise to this litigation: whether Lake Haven Estate lot owners may use the private roads of the Sunset Beach subdivision to access Parcel H. First, plaintiffs contend that the trial court erred by concluding that defendants held an easement by necessity over the Sunset Beach subdivision roads. We disagree.

"An easement by necessity may be implied by law where an owner of land splits his property so that one of the resulting parcels is landlocked except for access across the other parcel." *Charles A Murray Trust v Futrell*, 303 Mich App 28, 41; 840 NW2d 775 (2013) (quotation marks and citations omitted). "An easement by necessity may arise either by grant, where the grantor created a landlocked parcel in his grantee, or it may arise by reservation, where the grantor splits his property and leaves himself landlocked." *Chapdelaine v Sochocki*, 247 Mich App 167, 172-173; 635 NW2d 339 (2001). "This sort of implied easement is not dependent on the existence of any established route or quasi-easement prior to the severance of the estate by the common grantor; it is first established after the severance." *Schmidt v Eger*, 94 Mich App 728, 733; 289 NW2d 851 (1980). And "the party asserting the right to the easement need only show that the easement is reasonably necessary, not strictly necessary, to the enjoyment of the benefited property." *Chapdelaine*, 247 Mich App at 173.

Here, the record is clear that Parcel H and the Sunset Beach subdivision land were both previously owned by the Indian Lake Company, Parcel H is landlocked, and the only way to access Parcel H is through the Sunset Beach subdivision's private roads. Therefore, the trial court did not err by determining that defendants held an easement by necessity over those roads. There are no material disputes of fact regarding this issue, so summary disposition was appropriate.

### 2. TRESPASS

---

[5] Plaintiffs, but not intervening plaintiffs, argue that intervening plaintiffs' lot "is not situated within Sunset Beach," which means that they do not have easement rights created by the plat. For this reason, plaintiffs suggest, intervening plaintiffs' use of Parcel H was not consistent with the easement. We decline to consider this argument because intervening plaintiffs are the only parties asserting a claim of adverse possession and their complaint pleads that they *are* lot owners within the Sunset Beach subdivision. In any event, as discussed above, intervening plaintiffs assert that the deeds to their properties grant them "[a]ccess to and free use of" the lands and facilities of the Sunset Beach subdivision, which equally undermines their claim to adverse possession.

-10-

Plaintiffs next assert that the trial court erred by dismissing their trespass claim. Here, too, we disagree.

"Recovery for trespass to land in Michigan is available only upon proof of an unauthorized direct or immediate intrusion of a physical, tangible object onto land over which the plaintiff has a right of exclusive possession." *Adams v Cleveland-Cliffs Iron Co*, 237 Mich App 51, 67; 602 NW2d 215 (1999). Given that, as discussed above, defendants hold an easement by necessity over the Sunset Beach subdivision's roads to access Parcel H, it strikes us as self-evident that their use of those roads consistent with the easement is not a trespass; it is not "unauthorized," nor do plaintiffs have "a right of exclusive possession" over the land in question. *Id*. And although "[a]ctivities by the owner of the dominant estate that go beyond the reasonable exercise of the use granted by the easement may constitute a trespass to the owner of the servient estate," *Schadewald v Brule*, 225 Mich App 26, 40; 570 NW2d 788 (1997), there is no evidence that defendants' activities on the Sunset Beach subdivision roads go beyond the reasonable exercise of the use granted by their easement. Accordingly, the trial court did not err by dismissing plaintiffs' trespass claim.

### 3. JOINDER OF NECESSARY PARTIES

Plaintiffs also contend that the trial court erred by not requiring the joinder of all Sunset Beach subdivision lot owners as counterdefendants because they each have a property interest in the subdivision's road network that would be affected by defendants' counterclaimed easement by necessity over the Sunset Beach subdivision's private roads. "This court reviews a trial court's rulings on joinder for an abuse of discretion." *PT Today, Inc v Comm'r of Office of Fin & Ins Servs*, 270 Mich App 110, 135; 715 NW2d 398 (2006) (citation omitted). "An error of law necessarily constitutes an abuse of discretion." *Denton v Dep't of Treasury*, 317 Mich App 303, 314; 894 NW2d 694 (2016). The trial court does not abuse its discretion, however, when it chooses an outcome within the range of reasonable and principled outcomes. *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006). We conclude that the trial court did not abuse its discretion in denying plaintiffs' motion.

MCR 2.205(A), which governs necessary joinder of parties, provides, in relevant part:

[P]ersons having such interests in the subject matter of an action that their presence in the action is essential to permit the court to render complete relief must be made parties and aligned as plaintiffs or defendants in accordance with their respective interests.

"The purpose of the rule is to prevent the splitting of causes of action and to ensure that all parties having a real interest in the litigation are present." *Mason Co v Dep't of Community Health*, 293 Mich App 462, 489; 820 NW2d 192 (2011).

A party is "indispensable" to a case if that party has an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final determination may be wholly inconsistent with equity and good conscience. [*Mather Investors, LLC v Larson*,

271 Mich App 254, 257-258; 720 NW2d 575 (2006) (quotation marks and citations omitted).]

MCR 2.207 provides, in relevant part:

When the presence of persons other than the original parties to the action is required to grant complete relief in the determination of a counterclaim or cross-claim, the court shall order those persons to be brought in as defendants if jurisdiction over them can be obtained.

By contrast, "where a party's presence in the action is not essential to the court rendering complete relief, factors such as judicial economy or avoidance of multiple litigation are not enough to compel joinder." *Hofmann v Auto Club Ins Ass'n*, 211 Mich App 55, 96; 535 NW2d 529 (1995).

Plaintiffs argue that an easement over the Sunset Beach subdivision roads cannot be granted unless all subdivision lot owners are present in the action because the lot owners each own the land from the front of their properties to the center of the street. See *Thies*, 424 Mich at 291 ("Unless a contrary intent appears, owners of land abutting a street are presumed to own the fee in the street to the center, subject to the easement."). Although this argument has some logical appeal, in the particular context of this case we see the issues differently. Michigan caselaw on this issue is seemingly nonexistent in the context of easements, so we turn to authority from other jurisdictions to inform the analysis. Although nonbinding, we may rely upon out-of-state cases as persuasive authority. See *Cadillac Rubber & Plastics, Inc v Tubular Metal Sys*, LLC, 331 Mich App 416, 424-425; 952 NW2d 576 (2020).

In *Marshall v Winter*, 250 SC 308, 312; 157 SE2d 595 (1967), the parties owned adjoining lands across which a road was established, which the plaintiff used as means of ingress and egress to his property; litigation ensued because the defendant was obstructing the plaintiff's use of the road. *Id*. The defendant moved to join adjoining property owners, but the trial court denied the motion. *Id*. The South Carolina Supreme Court affirmed, holding that such owners were not necessary parties because the controversy regarding ingress and egress to the plaintiff's property was explicitly between the plaintiff and the defendant, and "[o]nly the defendant is charged with wrongfully depriving plaintiff of such right." *Id*. at 313.

In *Huter v Birk*, 510 SW2d 177, 179 (Mo, 1974), the plaintiffs sued the defendants to establish a right to use a private road across the defendants' land, which the trial court granted. On appeal, the defendants claimed that the trial court erred by not joining owners of a recorded interest in the road to the suit. *Id*. at 180. The Missouri Supreme Court disagreed, concluding that joinder was unnecessary because the absence of the owners of interest in the road did "not prevent complete relief being accorded in this litigation to the parties before the court," "adjudication in no manner affects the interest of the [owners] in their right to use the road," and no one "tried to limit the [owners'] use of the road" or "had any quarrel with the [owners'] use of the road." *Id*.

And in *Cannon v Sikora*, 142 App Div 2d 662, 662; 531 NYS2d 99 (1988), the plaintiff sued the defendant to enjoin him from interfering with the plaintiff's use of an easement over the defendant's property and over separate property abutting defendant's land to the south. The New York Supreme Court, Appellate Division, concluded that the landowner of the abutting property

was not a necessary party to the action because his property value was not affected by the action and he had "not interfered with or challenged the plaintiff's use of the subject easement in any way." *Id*. at 663. The court continued that "[o]nly those persons interested in the subject matter of the action and whose interests are opposed to those of the plaintiff constitute necessary parties" and that "[t]he mere fact that the plaintiff's right-of-way continued from the defendant's parcel onto that of the southernmost landowner does not make the latter a necessary party to the instant action." *Id*.

In the present case, plaintiffs confronted some of the defendants while they used Parcel H in the summer of 2019, which spurred the initiation of this action in which defendants seek to enjoin plaintiffs from interfering with their use of the roads. Viewing the controversy as akin to a dispute over interference with an easement, we find the above cases persuasive and instructive on the issue before the Court. Plaintiffs specifically, as opposed to the Sunset Beach subdivision's lot owners as a whole, attempted to stop defendants from using the roads to access Parcel H by confronting some of them. Defendants' counterclaim for injunctive relief is specifically based on plaintiffs' interference with their use of the roads. Therefore, *Marshall* is instructive because the underlying controversy involves only plaintiffs and defendants, not the other lot owners. Moreover, no other Sunset Beach subdivision lot owners attempted to intervene with defendants' use of the roads or confront them about it. *Huter* and *Cannon* are instructive on this point because, like the owners of the interest in the road in *Huter* and the abutting landowner in *Cannon*, none of the parties purported to be necessary in the present case, i.e., the remaining Sunset Beach subdivision lot owners, attempted to interfere with defendants' use of the roads, challenged their use, or confronted them about it. Therefore, we conclude that, at least under the particular facts of this case, the remaining Sunset Beach subdivision lot owners are not necessary parties.[6] Accordingly, the trial court did not abuse its discretion by denying plaintiffs' motion to compel defendants to join them as counterdefendants in the action. *PT Today, Inc*, 270 Mich App at 135.

## C. REMAINING ISSUES

Plaintiffs and intervening plaintiffs raise several additional issues on appeal, but we find that they are unpreserved and are therefore waived, undeveloped and therefore abandoned, or both. See *Tolas Oil & Gas Exploration Co*, 347 Mich App at 289 ("In civil cases, Michigan follows the 'raise or waive' rule of appellate review. To preserve an issue, the party asserting error must demonstrate that the issue was raised in the trial court.") (quotation marks and citations omitted); *Mitcham v Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959) ("It is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments,

---

[6] We note, however, that because the other lot owners are not parties to this case, they are not bound by the trial court's judgment. Should a subsequent dispute arise, they are free to seek relief. See *Martin v Wilks*, 490 US 755, 762; 109 S Ct 2180; 104 L Ed 2d 835 (1989) ("A judgment or decree among parties to a lawsuit resolves issues as among them, but it does not conclude the rights of strangers to those proceedings.").

and then search for authority either to sustain or reject his position."). Therefore, we decline to address them.

Intervening plaintiffs assert, for example, that defendants' use of Parcel H violated zoning ordinances and Parcel H's deed restrictions. However, they did not raise this argument in their pleadings or their summary disposition briefs in the trial court. See *Vushaj*, 284 Mich App at 519 ("Where an issue is first presented in a motion for reconsideration, it is not properly preserved."). They also fail to identify with specificity which zoning ordinances or restrictions were purportedly violated nor what about defendants' use violated these provisions. As such, we deem these arguments both waived and abandoned. See *Tolas*, 347 Mich App at 289; *Mitcham*, 355 Mich at 203.

Similarly, plaintiffs contend that the trial court erred by describing defendants' easement by necessity as seemingly encompassing all of the Sunset Beach subdivision's roads, as opposed to only the roads providing the most direct route to Parcel H, arguing that defendants' use of all the roads is not "as minimally burdensome as possible" on plaintiffs and their property as required by *Schumacher v Dep't of Natural Resources*, 256 Mich App 103, 106; 663 NW2d 921 (2003) ("The scope of an easement by necessity is that which is reasonably necessary for proper enjoyment of the property, with minimum burden on the servient estate."). However, plaintiffs failed to preserve this issue in the trial court, and, on appeal, they fail to identify how their ownership interests are impeded by defendants' use or how their proposed solution of restricting defendants' use to Sunset Beach Drive minimizes the alleged burden on the servient estates. Consequently, we deem this issue waived and abandoned as well. See *Tolas*, 347 Mich App at 289; *Mitcham*, 355 Mich at 203.

## V. CONCLUSION

To summarize, the trial court correctly determined that defendants collectively own the strip of land known as Parcel H; they have an easement by necessity to use the Sunset Beach subdivision's roads to access Indian Lake via that strip of land; and plaintiffs and intervening plaintiffs likewise have an easement over Parcel H to access Indian Lake. Accordingly, and for the reasons set forth above, the trial court's May 4, 2023 order granting summary disposition in favor of defendants is affirmed.

/s/ Matthew S. Ackerman
/s/ Adrienne N. Young
/s/ Daniel S. Korobkin